LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
FARBOD S. MORIDANI (State Bar No. 251893)
fmoridani@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendants
SAN BERNARDINO COUNTY,
MEMBERS OF THE SAN BERNARDINO
BOARD OF SUPERVISORS, SAN
BERNARDINO COUNTY CHILDREN
AND FAMILY SERVICES and JEANY
ZEPEDA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARY G., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No. 5:23-cv-00947-MEMF-BFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Filed Concurrently with Notice of Motion and Motion; and [Proposed] Order]<br><br>Assigned to the Hon. Maame Ewusi-Mensah Frimpong<br><br>DATE:      January 25, 2024<br>TIME:      10:00 A.M.<br>ROOM:      Courtroom 8B<br><br>Action Filed:   May 25, 2023<br>FAC Filed:     August 14, 2023<br>Trial Date:     None Set |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

639525.6

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION ...................................................................................... 7

II.  FACTUAL BACKGROUND ................................................................... 8

    A.   Juvenile Dependency Proceedings In California ............................... 8

    B.   This Lawsuit ................................................................................... 10

III. LEGAL STANDARD ............................................................................ 11

IV.  ARGUMENT ......................................................................................... 11

    A.   Plaintiffs' Claims Are Not Redressable By Federal Injunction ........... 11

    B.   The Court Should Abstain Under *Younger v. Harris* ....................... 16

        1.   The Threshold Elements For *Younger* Abstention Are Met ....... 17

        2.   Injunctive Relief Would Interfere With State Proceedings ........ 18

            (a)   Juvenile Courts Have "Ultimate Authority" Over the Formulation and Implementation of Case Plans ........ 18

            (b)   Placements Are Subject to Review in Juvenile Court ...... 22

            (c)   Juvenile Courts Review and Approve Services .............. 23

    C.   The Rooker-Feldman Doctrine Bars Plaintiffs' Challenges to Juvenile Court Determinations ............................................................. 25

V.   CONCLUSION ...................................................................................... 26

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>FEDERAL CASES</u>

*31 Foster Children v. Bush*,
329 F.3d 1255 (11th Cir. 2003)...................................................................19

*Aiona v. Judiciary of Hawaii*,
17 F.3d 1244 (9th Cir. 1994)......................................................................17

*Applied Underwriters, Inc. v. Lara*,
530 F. Supp. 3d 914 (E.D. Cal. 2021)........................................................11

*Ashley W. v. Holcomb*,
34 F.4th 588 (7th Cir. 2022).................................................................21, 23

*Belinda K. v. County of Alameda*,
2012 WL 273661 (N.D. Cal. Jan. 30, 2012) ..............................................18

*Bianchi v. Rylaarsdam*,
334 F.3d 895 (9th Cir. 2003)......................................................................25

*Canatella v. California*,
404 F.3d 1106 (9th Cir. 2005) ...................................................................16

*Connor B. v. Patrick*,
774 F.3d 45 (1st Cir. 2014) ...................................................................7, 16

*Connor B. v. Patrick*,
985 F. Supp. 129 (D. Mass. 2013) .........................................................7, 15

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) ...................................................................................11

*Frew v. Hawkins*,
540 U.S. 431 (2004) ...................................................................................14

*H.C. ex rel. Gordon v. Koppel*,
203 F.3d 610 (9th Cir. 2000)..........................................................14, 16, 18

*Horne v. Flores*,
557 U.S. 433 (2009) .......................................................................13, 14, 15

*Hui Lian Ke v. Gonzalez*,
2018 WL 1763296 (N.D. Cal. Apr. 12, 2018) .....................................17, 23

*J.B. ex rel. Hart v. Valdez*,
186 F.3d 1280 (10th Cir. 1999)..........................................................19, 21, 23

*Jeremiah M. v. Crum*,
2023 WL 6316631 (D. Alaska Sept. 28, 2023)..........................................21

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

639525.6

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*Joseph A. ex rel. Corrine Wolfe v. Ingram,*
    275 F.3d 1253 (10th Cir. 2002)............................................................21

*Juliana v. United States,*
    947 F.3d 1159 (9th Cir. 2020).............................................................15

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)...........................................................................11

*Laurie Q. v. Contra Costa County,*
    304 F. Supp. 2d 1185 (N.D. Cal. 2004) ...................................8, 16, 19, 20

*Lewis v. Casey,*
    518 U.S. 343 (1996) ...................................................................13, 15

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,*
    457 U.S. 423 (1982) .........................................................................16

*Missouri v. Jenkins,*
    515 U.S. 70 (1995) ...........................................................................14

*Moore v. Sims,*
    442 U.S. 415, 423 (1979) ..................................................................17

*Negrete v. Los Angeles County,*
    2021 WL 2551595 (C.D. Cal. June 22, 2021) ..............................17, 18

*NOPSI v. Council of City of New Orleans,*
    491 U.S. 350 (1989).........................................................................16

*Oglala Sioux Tribe v. Fleming,*
    904 F.3d 603 (8th Cir. 2018)............................................................21

*Pennzoil Co. v. Texaco, Inc.,*
    481 U.S. 1 (1987) ............................................................................22

*Raines v. Byrd,*
    521 U.S. 811 (1997) .........................................................................11

*Readylink Healthcare, Inc. v. State Comp. Ins. Fund,*
    754 F.3d 754 (9th Cir. 2014)......................................................17, 18

*Rizzo v. Goode,*
    423 U.S. 362 (1976)................................................................12, 13, 15

*Safouane v. Fleck,*
    226 F. App'x 753 (9th Cir. 2007).......................................................17

*Sanders v. DCFS,*
    2014 WL 1255829 (C.D. Cal. Mar. 25, 2014) ....................................18

*Simon v. E. Ky. Welfare Rights Org.,*
    426 U.S. 26 (1976) ..........................................................................12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

639525.6

4

*Sprint Commc'ns, Inc. v. Jacobs*,
    571 U.S. 69 (2013) ..................................................................................17

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ..................................................................................11

*Stormans, Inc. v. Selecky*,
    586 F.3d 1109 (9th Cir. 2009) ................................................................12

*United States v. Hays*,
    515 U.S. 737 (1995) ...........................................................................11, 12

*United States v. Texas*,
    559 U.S. 670, 143 S. Ct. 1964 (2023) ....................................................14

*Washington v. Los Angeles Cnty. Sheriff's Dept.*,
    833 F.3d 1048 (9th Cir. 2016) ................................................................11

*Wood v County of Contra Costa*,
    2020 WL 1505717 (N.D. Cal. Mar. 30, 2020) .......................................18

*Yahvah v. County of Los Angeles*,
    2018 WL 3222042 (C.D. Cal. Mar. 9, 2018) .....................................17, 18

*Younger v. Harris*,
    401 U.S. 37 (1971) ...........................................................................passim

*Zayas v. Nguyen*,
    2021 WL 5987100 (W.D. Wash. Dec. 17, 2021) ...............................17, 18


**STATE CASES**

*In re Ashley M.*,
    114 Cal. App. 4th 1 (2003) ..............................................................8, 9, 24

*In re Shirley K.*,
    140 Cal. App. 4th 65 (2006) ...............................................................8, 22


**STATE STATUTES**

Cal. Welf. & Inst. Code § 16501.1 ...............................................................18

Cal. Welf. & Inst. Code § 16503 ..................................................................18

Cal. Welf. & Inst. Code § 213 ........................................................................9

Cal. Welf. & Inst. Code § 300 ..................................................................8, 17

Cal. Welf. & Inst. Code § 317 .............................................................9, 10, 22

Cal. Welf. & Inst. Code § 319 ......................................................................24

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Cal. Welf. & Inst. Code § 325 ................................................................................8, 17

Cal. Welf. & Inst. Code § 361.2 ...................................................................................22

Cal. Welf. & Inst. Code § 361.5 ...................................................................................24

Cal. Welf. & Inst. Code § 362 ...............................................................................9, 24

Cal. Welf. & Inst. Code § 365 ......................................................................................25

Cal. Welf. & Inst. Code § 366 ...................................................................8, 9, 21, 22

Cal. Welf. & Inst. Code § 366.21 .........................................................................22, 24

Cal. Welf. & Inst. Code § 369 ......................................................................................25

Cal. Welf. & Inst. Code § 671 ......................................................................................19

Cal. Welf. & Inst. Code § 675 ......................................................................................19

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................11

**STATE RULES**

Cal. Ct. R. 5.660 ..................................................................................................9, 10

**OTHER AUTHORITIES**

U.S. Const. art. III........................................................................................................11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

639525.6

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# I.    __INTRODUCTION__

The State of California has a comprehensive statutory, administrative and judicial scheme dedicated to the care of foster children.  Among the most robust in the nation, California's child welfare system—which is supervised by the State and administered at the County level—employs tens of thousands of personnel who have devoted their lives to caring for foster youth.

Administering a child welfare system is a complex exercise.  It is an area of core state responsibility as to which state and local governments are the experts.  It involves careful assessments as to the proper utilization of limited resources, and the use of discretion in determining the best interests of foster youth, the propriety of their placements and services to meet their needs.

California's juvenile courts are an integral part of this system.  They possess "ultimate authority" not only to assess and address the needs of foster youth, but also to hear any and all claims a foster youth might bring (whether state, federal, or constitutional).  To that end, they may order any and all relief they deem appropriate to fully protect the foster youth's interests.  And every foster youth is guaranteed counsel who must advocate for them both within and outside juvenile court.

Federal courts are, of course, charged with adjudicating disputes principally involving federal law.  But there is reason for pause when a federal court is asked to insert itself into an area, as here, of traditional state concern involving a pre-existing, plenary scheme for assessment, approval, review, and remedy.  In such cases, a federal court's intrusion is, as one court put it, "precarious at best and downright ineffectual at worst."  *Connor B. v. Patrick*, 985 F. Supp. 129, 157 (D. Mass. 2013), *aff'd*, 774 F.3d 45 (1st Cir. 2014).  This is one such case.

This lawsuit was brought by a group of adults on behalf of foster youth in San Bernardino County (the "County").  They contend that a federal judge is better equipped to administer the child welfare system than the County, its Board of Supervisors, its Children and Family Services ("CFS") agency, CFS' Director and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

staff, the County's hundreds of social workers and mental health providers, and California's juvenile courts and Courts of Appeal.

The Complaint invites this Court to insert itself into, and inevitably override, careful, painstaking determinations made by social workers and California's juvenile courts. At the same time, it does not identify a single concern that could not be remedied by those same juvenile courts. It is precisely the kind of case the Supreme Court has said does not belong in federal court.

## II. FACTUAL BACKGROUND

### A. Juvenile Dependency Proceedings In California

San Bernardino County is geographically the largest county in the country. Spanning over 20,000 square miles, it is home to more than 2 million people.

CFS is charged with investigating child abuse and neglect, and providing interventions and supportive services to County families and children. If CFS determines that a child has suffered, or is at risk of suffering, abuse or neglect, a social worker will file a petition with the juvenile court. Cal. Welf. & Inst. Code §§ 300, 325. At that point, the child "is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court[.]" *Id.* § 300.

The juvenile court is "a special department of the superior court" charged with the care of "abused or neglected children." *In re Ashley M.*, 114 Cal. App. 4th 1, 6-7 (2003). "The ultimate responsibility for the well-being of a dependent child rests with the juvenile court." *In re Shirley K.*, 140 Cal. App. 4th 65, 73 (2006). Thus, juvenile courts have "sweeping power to address nearly any type of deficiency in the care of a minor and order nearly any type of relief." *Laurie Q. v. Contra Costa County*, 304 F. Supp. 2d 1185, 1206 (N.D. Cal. 2004); Cal. Welf. & Inst. Code § 362(a) (juvenile courts "may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor").

The scope of dependency proceedings is plenary. Juvenile courts formulate and implement case plans, Cal. Welf. & Inst. Code § 366(a)(1)(B); review and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1  approve placements, *id.* § 366(a)(1)(A); and determine and ensure delivery of

2  necessary services. *In re Ashley M.*, 114 Cal. App. 4th at 7.

3      It is the juvenile court's job to identify and remedy any deficiencies in CFS'

4  care for foster youth. Cal. Welf. & Inst. Code § 317(e)(7). California law requires

5  juvenile courts to review periodically "[t]he status of every dependent child in foster

6  care, including "the continuing necessity for and appropriateness of the placement";

7  "the agency's compliance with the case plan"; steps to ensure the "developing or

8  maintaining [of] sibling relationships"; "[t]he extent of progress that has been made

9  toward alleviating or mitigating the causes necessitating placement in foster care";

10  and a timeline for the child to be "returned to and safely maintained in the home or

11  placed for adoption." *Id.* § 366(a)(1)(A)-(H)

12      If deficiencies are identified, the court can enjoin "any agency that the court

13  determines has failed to meet a legal obligation to provide services to a child." *Id.*

14  § 362(b)(1). It may enforce those obligations under penalty of contempt. *Id.* § 213.

15      In addition, every foster child (including Plaintiffs) has a right to counsel.

16  *Id.* § 317. The scope of representation is expansive: "Counsel shall be charged in

17  general with the representation of the child's interests. To that end, counsel shall

18  make or cause to have made any further investigations that he or she deems in good

19  faith to be reasonably necessary . . . in both the adjudicatory and dispositional

20  hearings." *Id.* § 317(e)(1). That includes the obligation to "investigate the interests

21  of the child ***beyond the scope of the juvenile proceeding***, and [to] report to the court

22  ***other interests of the child*** that may need to be protected ***by the institution of other***

23  ***administrative or judicial proceedings***." *Id.* § 317(e)(3) (emphases added).

24      The California Family Court local rules require that "[i]f the attorney for the

25  child . . . learns of any such interest or right, the attorney . . . ***must*** notify the court

26  immediately and seek instructions from the court as to any appropriate procedures to

27  follow." Cal. Ct. R. 5.660(g)(2) (emphasis added). If such a need appears, the court

28  "***must***" "(A) Refer the matter to the appropriate agency for further investigation and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  require a report to the court within a reasonable time; (B) Authorize and direct the

2  child's attorney to initiate and pursue appropriate action; (C) Appoint a guardian ad

3  litem for the child . . . ; or (D) Take any other action to protect or pursue the

4  interests and rights of the child." *Id.* R. 5.660(g)(3) (emphasis added).

5      At all times, "[t]he court ***shall*** take whatever appropriate action is necessary

6  to fully protect the interests of the child."  Cal. Welf. & Inst. Code § 317(e)(7).

7      **B.**    **This Lawsuit**

8      Plaintiffs alleges that the juvenile dependency process has failed.  The First

9  Amended Complaint ("FAC") asserts three overarching deficiencies:

10    (i) <u>Case Plans</u>:  failure to develop, update, individualize, or effectively

11  implement case plans (¶¶ 67-78);[1]

12    (ii) <u>Placements</u>:  failure to provide adequate, properly-vetted, safe and

13  monitored foster care placements and permanent placements (¶¶ 62-66, 79-85, 94-106); and

14    (iii) <u>Services</u>:  failure to timely provide necessary medical, dental, and mental

15  health assessments and services, and reunification services (¶¶ 86-93, 117-

16  23).

17      Based on these alleged failures, Plaintiffs contend that the County child

18  welfare system, in its current state, is "too broken to fix" and should be "abolished."

19  (¶ 2.)  As relief, they ask this Court to insert itself into judgments already made by

20  California's juvenile courts as to the adequacy of Plaintiffs' case plans, placements

21  and services; override those judgments; declare their case plans, placements and

22  services so deficient as to be "unconstitutional and unlawful"; and "[p]ermanently

23  enjoin Defendants" by requiring them to do what they apparently believe the

24  juvenile courts will not.  (¶ 221, Prayer at III a.-h, IV a.-u.)

25

26

27

28  [1] Unless otherwise stated, citations to (¶ __) herein are to the FAC (Dkt. No. 34).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## III.    LEGAL STANDARD

Standing is properly brought under Rule 12(b)(1).  *See, e.g., Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  On such a motion, the federal court must presume that it lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (same).

"A motion to dismiss on *Younger* abstention grounds is also properly brought under Rule 12(b)(1)." *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 923 (E.D. Cal. 2021); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (Supreme Court has treated *Younger* as "jurisdictional"); *Washington v. Los Angeles Cnty. Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016) ("[A] dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(1).").

## IV.    ARGUMENT

### A.    Plaintiffs' Claims Are Not Redressable By Federal Injunction

No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual "cases" or "controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *DaimlerChrysler Corp.*, 547 U.S. at 342.  Without it, the essential prerequisite for invoking federal jurisdiction does not exist.

It is well-settled that generalized grievances about local government are not viable cases or controversies that federal courts can hear. *See, e.g., United States v. Hays*, 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power.").  To have Article III standing, a plaintiff must establish (1) "injury in fact," (2) causation, and (3) redressability by a federal court. *Steel Co.*, 523 U.S. at 102-03 (citation omitted).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Here, Plaintiffs assert broad and generalized grievances about the County foster care system.[2]  These grievances are not the kind that a federal court can redress.  The Supreme Court and Ninth Circuit have repeatedly warned the federal judiciary to steer clear of lawsuits, like this one, premised on generalized criticisms of local governments.  *See, e.g., Hays*, 515 U.S. at 743; *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009) (alleged injury must be "more than a mere generalized grievance").  These concerns are greater where, as here, the plaintiff seeks broad-based injunctive relief that would require a federal court to insert itself into matters of state and local government discretion.

Going back 50 years, the Supreme Court rejected this type of interference with matters of local policy.  In *Rizzo v. Goode*, 423 U.S. 362 (1976), plaintiffs filed a class action against the City of Philadelphia and local officials alleging police misconduct.  The district court found that police procedures discouraged civilian complaints and minimized the consequences of police misconduct, and ordered the city to submit a "comprehensive program," pursuant to court-ordered "guidelines," for civilian complaints.  *Id*. at 368-69.  The Third Circuit affirmed.  *Id*. at 365-66.

The Supreme Court reversed, holding that the judgment was "an unwarranted intrusion by the federal judiciary into the discretionary authority committed to [the city officials] by state and local law to perform their official functions."  423 U.S. at 366.  "[F]ederal courts must be constantly mindful of the 'special delicacy of the

---

[2] The FAC alleges general criticisms and "risk" of injury.  (*See, e.g.*, ¶¶ 66, 78, 85, 93, 98, 106, 116, 121.)  As discussed in the County's Rule 12(b)(6) Motion, though the FAC includes a section purporting to allege facts specific to the named Plaintiffs (¶¶ 137-220), it does not plead cognizable injury.  Without it, there is no class action.  *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

adjustment to be preserved between federal equitable power and State administration of its own law.'" *Id*. at 378 (citation omitted).  Thus, a plaintiff seeking to enjoin a government agency "must contend with 'the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs.'''" *Id*. at 378-79 (citations omitted).

Twenty years later, the Supreme Court reaffirmed the limited scope of federal jurisdiction in *Lewis v. Casey*, 518 U.S. 343 (1996).  There, prison inmates sued the Arizona Department of Corrections for alleged violations of their right of access to the courts.  A special master proposed a permanent injunction with changes to the Arizona state prison system, which the district court adopted.  *Id.* at 346-48.

The Supreme Court held that the district court's actions violated separation of powers, explaining that "it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution."  518 U.S. at 349.  As aptly put in the concurring opinion:

> Principles of federalism and separation of powers impose stringent limitations on the equitable power of federal courts.  When these principles are accorded their proper respect, Article III cannot be understood to authorize the Federal Judiciary to take control of core state institutions like prisons, schools, and hospitals, and assume responsibility for making the difficult policy judgments that state officials are both constitutionally entitled and uniquely qualified to make.  Broad remedial decrees strip state administrators of their authority to set long-term goals for the institutions they manage and of the flexibility necessary to make reasonable judgments on short notice under difficult circumstances.

*Id*. at 385 (Thomas, J., concurring) (citation omitted).

In *Horne v. Flores*, 557 U.S. 433 (2009), students and their parents filed a class action alleging that Arizona was violating the Equal Educational Opportunities Act by failing to take appropriate action to overcome language barriers.  The district court issued an injunction requiring the state to increase funding for ELL programs,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

639525.6

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

held the State in civil contempt for failing to do so, and rejected the State's proposed legislation as inadequate.  The Court of Appeals affirmed.  *Id.* at 438.

The Supreme Court reversed, cautioning against federal decrees that have the effect of dictating budget priorities because "[s]tates and local governments have limited funds."  557 U.S. at 448 (citing *Missouri v. Jenkins*, 515 U.S. 70, 131 (1995) ("A structural reform decree eviscerates a State's discretionary authority over its own program and budgets and forces state officials to reallocate state resources and funds." (Thomas, J., concurring))).  It held the district court "improperly substituted its own educational and budgetary policy judgments for those of the state and local officials to whom such decisions are properly entrusted." *Id.* at 455.

Most recently, in *United States v. Texas*, 559 U.S. 670 (2023), the Supreme Court held that states lacked standing to contest immigration enforcement priorities set forth in federal guidelines.  It underscored that judicial review of Executive Branch policies, which require a "complicated balancing" of "resource constraints and regularly changing public-safety and public-welfare needs," leaves "courts without meaningful standards for assessing those policies."  143 S. Ct. at 1972. Thus, federal courts are not the proper forum for resolving claims alleging that the Executive Branch should exercise its discretionary authority differently.

The lesson here is that federal courts must approach with pause any lawsuit that demands federal court reform of state systems, lest its grant of relief "improperly deprive [state and local] officials of their designated legislative and executive powers." *Horne*, 557 U.S. at 449 (quoting *Frew v. Hawkins*, 540 U.S. 431, 441 (2004)).  These concerns are "heightened" where, as here, the lawsuit "involves areas of core state responsibility." *Id.* at 448.

"Family relations are a traditional area of state concern . . . over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  This action is an "all-out assault on the [] foster care system, in which

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

639525.6

the Plaintiffs request all manner of declaratory and injunctive relief." *Connor B.*, 985 F. Supp. 2d at 133. The gravamen of the FAC is that the County should do a better job with case plans, placements, and delivery of necessary services. (¶¶ 1-136.) Based on these generalized grievances, Plaintiffs demand sweeping reforms to the County foster care system via federal injunction. (FAC at 64:15-68:17.)

In so doing, Plaintiffs have asked this court to "encroach upon terrain that is rightfully the province of the legislature," *Connor B.*, 985 F. Supp. 2d at 157; to fashion relief that would "commit this court to the near-perpetual oversight of an already-complex child-welfare regime," *id.*; and to order "the redistribution of scarce governmental resources [that] would no doubt produce certain negative externalities, not the least of which include the deprivation of other state agencies of the means needed to perform their functions fully." *Id.* In other words, to commit the very error about which the Supreme Court has repeatedly warned.

"[I]t is beyond the power of an Article III court to order, design, supervise, or implement [a] requested remedial plan . . . [that] would necessarily require a host of complex policy decisions entrusted, for better or worse, to the wisdom and discretion of the executive and legislative branches." *Juliana v. United States*, 947 F.3d 1159, 1171-72 (9th Cir. 2020). This Court simply can neither adjudicate Plaintiffs' claims nor fashion relief without empaneling itself as a third-party auditor of the County's child welfare system.

Nor can it do so without inserting itself into legislative prerogatives or executive discretion about how to spend limited resources. *Horne*, 557 U.S. at 472 (regardless of how "vitally important" a goal, a district court could not require state to increase funding in one geographic area); *Lewis*, 518 U.S. at 362 (overturning "intrusive" order that "failed to accord adequate deference to the judgment" of local officials); *Rizzo*, 423 U.S. at 366 (reversing "an unwarranted intrusion by the federal judiciary into the discretionary authority committed to [city officials] by state and local law to perform their official functions").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

"[M]oral arguments that [a foster care system] should do better," *Connor B.* 774 F.3d at 48; FAC ¶¶ 1-136, are not a constitutional basis for federal interference with matters that are specially and uniquely entrusted to state and local governments. *Koppel*, 203 F.3d at 613. "Improvements in the system must come through the normal state political processes," not the federal judiciary. *Connor B.*, 774 F.3d at 48. Plaintiffs' claimed injury is not redressable via federal injunction. The FAC should be dismissed for lack of subject matter jurisdiction.

## B. The Court Should Abstain Under *Younger v. Harris*

Redressability is not the only area where a federal court facing a sweeping demand for injunctive relief must act with restraint. For more than fifty years, the judiciary has espoused "a strong federal policy against federal-court interference with pending state judicial proceedings" under the doctrine of *Younger* abstention. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)). The policy reflects "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44.

Under *Younger*, a federal court will abstain from adjudicating an action where the plaintiff's demand for "injunctive or declaratory relief" might "interfere with ongoing state judicial proceedings." *Laurie Q.*, 304 F. Supp. 2d at 1194. Although abstention is the "exception, not the rule," *NOPSI v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989), it is "mandatory" where the factors are satisfied. *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005).

The Ninth Circuit considers four "threshold elements" for *Younger* abstention—whether "state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

639525.6

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

litigants to raise federal challenges." *Readylink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

If these are met, it then will consider whether "federal action would have the practical effect of enjoining state proceedings . . . ." 754 F.3d at 759. If so, "then a district court ***must*** dismiss the federal action . . . [and] there is ***no discretion*** to grant injunctive relief." *Aiona v. Judiciary of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (emphases added); *see also Safouane v. Fleck*, 226 F. App'x 753, 759 (9th Cir. 2007) (claims "seeking injunctive or declaratory relief related to [dependency] proceedings were subject to dismissal pursuant to *Younger* abstention.").

### 1.    <u>The Threshold Elements For *Younger* Abstention Are Met</u>

All of the threshold elements for *Younger* abstention are met here:

*First*, there is no dispute that each of the named Plaintiffs has a pending state court dependency proceeding. (¶¶ 26, 28-29, 31, 33, 35, 37 (alleging that each Plaintiff is in CFS custody); *see also* Cal. Welf. & Inst. Code §§ 300, 325.)

*Second*, it is well-settled that "child custody and juvenile dependency cases are quasi-criminal enforcement actions subject to *Younger*." *Negrete v. Los Angeles County*, 2021 WL 2551595, at *2 (C.D. Cal. June 22, 2021); *Moore v. Sims*, 442 U.S. 415, 423 (1979) (claims related to ongoing juvenile proceedings in state court are properly dismissed under *Younger*); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citing *Moore* as a type of quasi-criminal enforcement action subject to *Younger* abstention because it is a "state-initiated proceeding to gain custody of children allegedly abused by their parents"); *see also Hui Lian Ke v. Gonzalez*, 2018 WL 1763296, at *3 (N.D. Cal. Apr. 12, 2018) (same); *Yahvah v. County of Los Angeles*, 2018 WL 3222042, at *5 (C.D. Cal. Mar. 9, 2018) (same); *Zayas v. Nguyen*, 2021 WL 5987100, at *3 (W.D. Wash. Dec. 17, 2021) (same).

*Third*, dependency proceedings implicate important state interests. "'Family relations are a traditional area of state concern,' and 'federal courts have no general jurisdiction' 'in the field of domestic relations.'" *Negrete*, 2021 WL 2551595, at *2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

(quoting *Koppel*, 203 F.3d at 613); *Sanders v. DCFS*, 2014 WL 1255829, at *3 (C.D. Cal. Mar. 25, 2014) ("DCFS proceedings implicate important state interests."); *Yahvah*, 2018 WL 3222042, at *5 (same).

*Fourth*, federal and constitutional claims may be raised in dependency proceedings. *Negrete*, 2021 WL 2551595, at *2 (dependency proceedings provide "an adequate opportunity to raise constitutional claims"); *Sanders*, 2014 WL 1255829, at *3 ("nothing prevents" a plaintiff from raising federal claims in juvenile court); *Zayas*, 2021 WL 5987100, at *3 ("[C]hild custody proceedings in state court afford sufficient opportunity to raise federal claims."); *Wood v County of Contra Costa*, 2020 WL 1505717, at *8 (N.D. Cal. Mar. 30, 2020) (constitutional "challenges have been raised and resolved in … dependency proceedings"); *Belinda K. v. County of Alameda*, 2012 WL 273661, at *3 (N.D. Cal. Jan. 30, 2012) (same).

## 2. <u>Injunctive Relief Would Interfere With State Proceedings</u>

With the threshold elements for *Younger* abstention met, the Court must consider whether granting relief in this case would have the practical impact of enjoining the decisions of the juvenile court. *ReadyLink*, 754 F.3d at 759. It will.

As explained above (*supra* Section II.B), Plaintiffs' FAC challenges the County's handling of case plans, placements, and services. Each of these concerns falls directly within the core competency and purview of the juvenile courts. A federal court simply cannot grant injunctive relief without second-guessing the juvenile courts' careful determinations as to these matters.

### (a) <u>Juvenile Courts Have "Ultimate Authority" Over the Formulation and Implementation of Case Plans</u>

Much of the FAC is devoted to allegations that the County fails to prepare, review, and implement case plans as required under AACWA and California WIC sections 16501.1 and 16503(a). (¶¶ 15, 17, 73-78, 105, 115, 117, 120-121, 123, 237-238.) These are both the responsibility of, and the subject of ongoing proceedings before, California's juvenile courts. *Younger* requires abstention.

Courts within and outside the Ninth Circuit have applied *Younger* abstention to federal lawsuits seeking injunctive relief based on alleged non-compliance with case plan requirements.  *See, e.g.*, *Laurie Q.*, 304 F. Supp. 2d at 1187, 1203-07; *31 Foster Children v. Bush*, 329 F.3d 1255, 1278 (11th Cir. 2003) (abstaining because case plan injunction "would interfere with the ongoing state dependency proceedings by placing decisions that are now in the hands of the state courts under the direction of the federal district court"); *see also J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291-92 (10th Cir. 1999) (injunctive relief would compel juvenile court "to modify a treatment plan" and thus "would interfere with th[at] proceeding by fundamentally changing the dispositions and oversight of the children" reserved to juvenile court).

In *Laurie Q.*, plaintiffs accused Contra Costa County of "failing to prepare adequate case plans as mandated by 42 U.S.C. sections 675(1) and 671(a)(16)," which "resulted in a lack of recognition of plaintiffs' special needs and a consequent deficiency of essential services and therapeutic interventions."  304 F. Supp. 2d at 1190.  They also alleged the county failed to "review the required case plans in a timely fashion," in violation of sections 671(a)(16), 675(5)(B) and 675(5)(c), and to provide "a case review system which meets the requirements" of AACWA.  *Id.*

Contra Costa County argued that the court was required to abstain under *Younger* because it could not adjudicate the claims (or grant injunctive relief) without interfering with ongoing dependency proceedings.  *Laurie Q.*, 304 F. Supp. 2d at 1187.  The court agreed.  It found that "the Juvenile Court holds ultimate authority over the formulation of the case plans … and regarding which plaintiffs' prayer for injunctive relief is directed."  *Id.* at 1203.  The juvenile court was "required to review the case plan at all periodic hearings and monitor compliance with the plan, and may order any modifications to the plan that it deems necessary and appropriate," and had "authority over … the formulation and modification of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

**19**

1    case plans—including the plans' compliance with the AACWA and other federal

2    law—and the County's adherence to case plan mandates." *Id.* at 1206.

3        As such, the court found it could not find the plaintiffs' case plans inadequate,

4    nor could it grant injunctive relief, without implicitly ruling that the juvenile court

5    got it wrong. *Laurie Q.*, 304 F. Supp. 2d at 1204.  Specifically, the court held that

6    Plaintiffs' requested relief "amounts to an entreaty for this court to oversee the

7    Juvenile Court's performance, for it is that body that ultimately must pass upon the

8    efficacy and propriety of the case plans at issue." *Id.*

9        The court declined to do so since it would place it "in the position of

10   supervising the Juvenile Court's case plan adjudications" and passing "judgment

11   upon the Juvenile Court's approval (or disapproval) of certain case plans."  304 F.

12   Supp. 2d at 1204-05.  The only way to grant the requested relief would be to "spur

13   the Juvenile Court by injunction"—precisely what *Younger* prohibits.  *Id.*

14       Plaintiffs' allegations are identical to those in *Laurie Q*.  Citing the exact

15   same AACWA provisions, Plaintiffs allege that the County Defendants failed timely

16   or adequately to prepare, review, update, or implement case plans and that that

17   failure has resulted in inadequate foster placements and lack of access to necessary

18   services.  (¶¶ 8-9, 14-18, 22, 47, 61-66, 73-78, 81-98, 101-106, 115-123, 237-238.)

19       As relief, Plaintiffs ask this Court to "[p]ermanently enjoin Defendants" by

20   ordering "an adequate and individualized written case plan for treatment, services,

21   and supports to address the child's identified needs," including a description of

22   "steps for reunification with the child's parents, adoption, or another permanent,

23   family-like setting," "any interim placements appropriate for the child before

24   obtaining a permanent home-like setting," and "the steps needed to keep the child

25   safe during the child's time in Defendants' custody."  (FAC at 65:11-66:6.)

26       All of this is already covered by juvenile court review.  Thus, implicit in

27   Plaintiffs' demand is the contention that the juvenile court has not done its job.  This

28   Court cannot grant relief without making such a finding.  But in doing so, the court

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

would "effectively require an amendment to a child's case plan that the state court would not have approved, and state law gives its courts the responsibility for deciding upon such a amendment." *31 Foster Children*, 329 F.3d at 1278; *Valdez*, 186 F.3d at 1291-92 (same). That type of relief is exactly what *Younger* forbids.[3]

For every child in CFS custody—including named Plaintiffs—the juvenile court makes a determination as to "[t]he extent of the agency's compliance with the case plan in making reasonable efforts . . . to return the child to a safe home and to complete any steps necessary to finalize the permanent placement of the child[.]" Cal. Welfare & Inst. Code § 366(a)(1)(B). This Court cannot issue injunctive relief without trampling on that determination.[4] It should decline to do so.

---

[3] The County acknowledges that some cases have carved out from *Younger* demands for systemic, as opposed to individualized, injunctive relief. *See, e.g.*, *Jeremiah M. v. Crum*, 2023 WL 6316631, at *28 (D. Alaska Sept. 28, 2023) (declining to abstain but certifying appeal because "reasonable jurists could reach, and have reached, contradictory conclusions"). As several Circuits have recognized, however, the proper inquiry under *Younger* is not "whether the broad relief the plaintiffs would prefer is available [in state court] but instead whether the forum itself is adequate for addressing the claims and providing a sufficient remedy to the individual plaintiffs" for their alleged injuries. *31 Foster Children*, 329 F.3d at 1281 n.12. If it is, *Younger* applies. *Id.* at 1266 (finding *Younger* applied despite allegations of "systemic deficiencies"); *Ashley W. v. Holcomb*, 34 F.4th 588, 593-94 (7th Cir. 2022) (*Younger* applied to foster care case demanding systemic relief); *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1274 (10th Cir. 2002) (rejecting argument that claim for systemic injunctive relief avoids *Younger*); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 608, 612-14 (8th Cir. 2018) (*Younger* applied despite argument that plaintiffs "are not seeking to interfere with, or overturn decisions in, their own cases but rather are seeking to expose and challenge systemic policies, practices, and customs of the Defendants that violate federal law"). To hold otherwise would permit any plaintiff to circumvent *Younger*, avoid abstention, and thereby bring about the very outcome that *Younger* prohibits, simply by asking a federal court to interfere with ***every*** dependency proceeding throughout the state rather than just their own. That is not what the law is for.

[4] Plaintiffs do not allege that they have sought and been denied relief from the juvenile court as to the adequacy of their case plans. Nor do they allege that taking

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

**(b)**    <u>Placements Are Subject to Review in Juvenile Court</u>

2      The juvenile court also conducts fulsome review of foster youth safety and

3  the adequacy of their placements.  "The status of every dependent child in foster

4  care shall be reviewed periodically as determined by the court[.]"  Cal. Welf. & Inst.

5  Code § 366(a)(1).  As part of those reviews, the court "shall consider the safety of

6  the child and shall determine . . . [t]he continuing necessity for and appropriateness

7  of the placement."  *Id.* § 366(a)(1)(A); *id.* § 361.2(k)(1)(A) (criteria for adequacy of

8  placement include whether "[t]he child's caregiver is able to meet the day-to-day

9  health, safety, and well-being needs of the child"); *id.* § 317(c)(2) ("A primary

10  responsibility of counsel . . . shall be to advocate for the protection, safety, and

11  physical and emotional well-being of the child or non-minor dependent."); *In re*

12  *Shirley K.*, 140 Cal. App. 4th at 72 (both as to "interim and adoptive placement," the

13  court retains jurisdiction "to determine the appropriateness of the placement").

14      Juvenile courts also are deeply involved in permanency planning.  As part of

15  its ongoing status hearings for every foster youth, the juvenile court must "project a

16  likely date by which the child may be returned to and safely maintained in the home

17  or placed for adoption . . . or in another planned permanent living arrangement."

18  Cal. Welf. & Inst. Code § 366(a)(1)(H)(2).  To that end, it must also "make factual

19  findings identifying any barriers to achieving the permanent plan"—namely, the

20  "permanent plan of return home, adoption, . . . legal guardianship, or placement with

21  a fit and willing relative, as appropriate."  Cal. Welf. & Inst. Code § 366.21(g)(3)(a).

22      Placements are thus another area where "[t]he declaratory judgment and

23  injunction that [plaintiffs] request would interfere with the state proceedings."  *31*

24

25  their concerns to the juvenile court would be futile.  Indeed, had they done so, there
26  would be no injury—neither individualized nor systemic—for this Court to address.
   *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not
27  attempted to present his federal claims in related state-court proceedings, a federal
28  court should assume that state procedures will afford an adequate remedy[.]").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

639525.6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*Foster Children*, 329 F.3d at 1278.  For example, "[t]he federal and state courts could well differ, issuing conflicting orders about what is best for a particular plaintiff, such as whether a particular placement is safe or appropriate or whether sufficient efforts are being made to find an adoptive family."  *Id.*; *Valdez*, 186 F.3d at 1291-92 (abstaining under *Younger* because juvenile court was charged with evaluating adequacy of placements and fashioning remedies to protect child's best interest); *Hui Lian Ke*, 2018 WL 1763296, at *5 (abstaining under *Younger* because "the Court will not interfere with the state court's rulings regarding the placement and care of children"); *Ashley W.*, 34 F.4th at 593-94 (abstention required because allegations that "placements are too slow" or the foster agency "makes too many mistakes" were not issues a federal court can remedy).[5]

Ultimately, when it comes to determining the adequacy of foster placements, the question is "what can a federal court do about these things a [dependency] judge could not?"  *Ashley W.*, 34 F.4th at 594.  The answer is nothing.

**(c)**        **Juvenile Courts Review and Approve Services**

Plaintiffs allege that the County fails to provide necessary services, including medical, dental, and mental health services.  (¶¶ 8-9, 87-93, 115-23.)  They demand an injunction requiring the County "to provide all necessary services to each child who enters foster care, including essential services to the child's parents to ensure a

---

[5] Plaintiffs also contend that the County "permits its caseworkers to carry dangerously high caseloads."  (¶¶ 107-116.)  As explained in the County Defendants' concurrently-filed Rule 12(b)(6) Motion to Dismiss, the FAC does not allege that excessive caseloads have caused the deprivation of a federal right.  In any event, the claim is also foreclosed by *Younger*.  *Ashley W.*, 34 F.4th at 593-94 (abstaining where plaintiff alleged defendants failed to "maintain caseloads [consistent with] accepted professional standards" because caseloads can only be decreased by securing "money to hire more social workers so that the caseload of each may reduced"—relief a federal court cannot grant).

1  speedy reunification." (FAC at 67:6-9.) Abstention is required because the relief

2  that would require countermanding the juvenile court.

3    As explained above, juvenile courts may enter any and all orders needed to

4  ensure the welfare of foster youth—including orders to deliver necessary services.

5  Cal. Welf. & Inst. Code § 362. "[W]henever a child is removed from a parent's or

6  guardian's custody, the juvenile court shall order the social worker to provide child

7  welfare services to the child and the child's mother and statutorily presumed father

8  or guardians." Cal. Welf. & Inst. Code § 361.5(a).

9    The juvenile court "maintains ultimate control over the delivery of services

10  through its authority to decide that the services offered or provided to the parents

11  were unreasonable and that further services must be offered by the social services

12  agency." *In re Ashley M.*, 114 Cal. App. 4th at 7. It must "make a determination on

13  the record . . . whether there are available services that would prevent the need for

14  further detention," including "case management, counseling, emergency shelter

15  care, emergency in-home caretakers, out-of-home respite case, teaching and

16  demonstrating homemakers, parenting training, transportation, and any other child

17  welfare services." Cal. Welf. & Inst. Code § 319 (f)(1). If the child is to remain in

18  custody, the juvenile court must "order services to be provided as soon as possible

19  to reunify the child and their family, if appropriate." *Id.* § 319(g).

20    Through its periodic status reviews, the juvenile court "shall order any

21  additional services reasonably believed to facilitate the return of the child to the

22  custody of their parent or legal guardian." *Id.* § 366.21(e)(2). For children

23  remaining in foster care, the juvenile court "shall determine by clear and convincing

24  evidence whether reasonable services that were designed to aid the parent or legal

25  guarding in overcoming the problems that led to the initial removal and the

26  continued custody of the child have been provided" and, as appropriate, "shall order

27  that those services be initiated, continued, or terminated." *Id.* § 366.21(e)(8).

28

639525.6

24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

If, at any point, "it appears to the juvenile court that a [foster child] is in need of medical, surgical, dental, or other remedial care, and that there is no parent, guardian, or person standing in loco parentis capable of authorizing or willing to authorize the remedial care or treatment for that person . . . [it] may make an order authorizing the performance of the necessary medical, surgical, dental, or other remedial care." Cal. Welf. & Inst. Code § 369(b).  To ensure that necessary services are delivered, "[t]he court may require the social worker or any other agency to render any periodic reports concerning children committed to its care, custody, and control . . . that the court deems necessary or desirable." *Id.* § 365.

It is hard to imagine what work this Court could do here that state juvenile courts are not already charged with doing.  The juvenile court's jurisdiction is broad. If any defects in the assessment or delivery of necessary services are found, it is emphatically the juvenile court's role to provide a remedy.

As should be plain, the FAC does not identify a single concern that the juvenile court is not obligated to address.  Despite this, Plaintiffs want this Court to intervene and effectively act as overseer of the juvenile court's determinations.  This is exactly what *Younger* prohibits.  Abstention is appropriate.

## C.     The Rooker-Feldman Doctrine Bars Plaintiffs' Challenges to Juvenile Court Determinations

"*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  If "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Id.*

639525.6

25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1    As explained above, state juvenile courts are responsible for, and have already

2  made determinations, as to the adequacy of Plaintiffs' case plans, placements and

3  services.  (*Supra* Section IV.B.2.(a)-(c).)  This action challenges the adequacy of

4  those determinations.  (*Supra* Section II.B.)  The juvenile proceedings and this

5  lawsuit are thus inextricably intertwined.  This Court cannot grant Plaintiffs'

6  requested relief without overruling the juvenile courts' determinations as to these

7  issues.  The FAC should be dismissed.

8  **V.    CONCLUSION**

9    For the foregoing reasons, the Court should dismiss the FAC with prejudice

10  for lack of subject matter jurisdiction.

11

12  DATED:  October 9, 2023          MILLER BARONDESS, LLP

13

14

15                                 By: _____

16                                      FARBOD S. MORIDANI
                                       Attorneys for Defendants
17                                      SAN BERNARDINO COUNTY,
                                       MEMBERS OF THE SAN
18                                      BERNARDINO BOARD OF
                                       SUPERVISORS, SAN BERNARDINO
19                                      COUNTY CHILDREN AND FAMILY
                                       SERVICES and JEANY ZEPEDA
20

21

22

23

24

25

26

27

28

639525.6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for San Bernardino County, Members Of

3   The San Bernardino Board Of Supervisors, San Bernardino County Child &

4   Family Services and Jeany Zepeda, certifies that this brief contains 6,662 words,

5   which ☒ complies with the word limit of L.R. 11-6.1.

6      ☐ complies with the word limit set by court order dated _____.

7

8   DATED: October 9, 2023

9

10                                              _____
                                              FARBOD S. MORIDANI
11                                             Attorneys for Defendants
                                              SAN BERNARDINO COUNTY,
12                                             MEMBERS OF THE SAN
                                              BERNARDINO BOARD OF
13                                             SUPERVISORS, SAN
                                              BERNARDINO COUNTY
14                                             CHILDREN AND FAMILY
                                              SERVICES and JEANY ZEPEDA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

639525.6

27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION