LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
FARBOD S. MORIDANI (State Bar No. 251893)
fmoridani@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendants
SAN BERNARDINO COUNTY,
MEMBERS OF THE SAN BERNARDINO
BOARD OF SUPERVISORS, SAN
BERNARDINO COUNTY CHILDREN
AND FAMILY SERVICES and JEANY
ZEPEDA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARY G., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>Defendants. | Case No. 5:23-cv-00947-MEMF-BFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Filed Concurrently with Notice of Motion and Motion; Request for Judicial Notice; Declaration of Farbod S. Moridani; and [Proposed] Orders]<br><br>Assigned to the Hon. Maame Ewusi-Mensah Frimpong, Crtrm. 8B<br>DATE:          January 25, 2024<br>TIME:          10:00 A.M.<br>ROOM:       Courtroom 8B<br><br>Action Filed:   May 25, 2023<br>FAC Filed:      August 14, 2023<br>Trial Date:      None Set |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

638302.8

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................... 8

II.    FACTUAL BACKGROUND ................................................................... 9

    A.    Plaintiff's Claims ......................................................................... 9

    B.    The County's Policies .................................................................. 9

    C.    The County's Ongoing Efforts For Foster Youth ................................. 10

III.    LEGAL STANDARD ............................................................................ 11

IV.    ARGUMENT ....................................................................................... 12

    A.    The FAC Fails To Plead Municipal Liability Under Section 1983 ...... 12

        1.    Standard for Municipal Liability ................................................. 12

        2.    The FAC Fails to Allege Deprivation of Federal Rights ............ 13

            (a)    No Denial of Rights Under the AACWA ....................... 13

            (b)    No Denial of Substantive Due Process .......................... 14

            (c)    No Cognizable Right to Familial Association ................ 16

        3.    No Policy or Custom Violating Federal Law ............................ 17

        4.    No Deliberate Indifference .......................................................... 20

        5.    No Causation ............................................................................... 24

    B.    Plaintiffs Also Fail To State A Substantive Due Process Claim Under State Law .......................................................................... 25

    C.    The Complaint Fails To State A Claim Under Welfare And Institutions Code Sections 16501.1 Or 16503 ................................. 26

    D.    The FAC Fails To State A Claim Under The ADA, RA, Or Government Code Section 11135 ........................................................ 26

V.    CONCLUSION ................................................................................... 28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

638302.8

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*A.E. v. County of Tulare,*
2010 WL 1407857 (E.D. Cal. Apr. 7, 2010) ............................................. 18, 24

*Adams v. Johnson,*
355 F.3d 1179 (9th Cir. 2004) ....................................................................... 12

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................... 11, 12, 15

*B.H. v. Johnson,*
715 F. Supp. 1387 (N.D. Ill. 1989) ................................................................. 9

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,*
520 U.S. 397 (1997) ................................................................. 13, 20, 21, 24

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................... 26

*Black v. Beame,*
419 F. Supp. 599 (S.D.N.Y. 1976) ................................................................ 17

*Boarman v. County of Sacramento,*
2013 WL 1326196 (E.D. Cal. Mar. 29, 2013) ............................................... 12

*Brown v. County of Mariposa,*
2019 WL 4956142 (E.D. Cal. Oct. 8, 2019) ............................... 13, 17, 18, 20

*Canas v. City of Sunnyvale,*
2011 WL 1743910 (N.D. Cal. Jan. 19, 2011) ................................................ 24

*Castro v. County of Los Angeles,*
833 F.3d 1060 (9th Cir. 2016) ....................................................................... 12

*Chandler v. City of Barstow,*
2019 WL 926349 (C.D. Cal. Jan. 9, 2019) .................................................... 25

*City of St. Louis v. Praprotnik,*
485 U.S. 112 (1988) ................................................................................. 17, 20

*Clapper v. Amnesty Int'l USA,*
568 U.S. 398 (2013) ...................................................................................... 14

*Clark K. v. Guinn,*
2007 WL 1435428 (D. Nev. May 14, 2007) ............................................. 14, 15

*Connor B. ex rel. Vigurs v. Patrick,*
985 F. Supp. 2d 129 (D. Mass. 2013),
*aff'd,* 774 F.3d 45 (1st Cir. 2014) ............................................................ 20, 22

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

638302.8

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*County of Sacramento v. Lewis*,
   523 U.S. 833 (1998) ...................................................................21

*D.B. v. Brewer*,
   2017 WL 2766437 (C.D. Cal. June 26, 2017) ........................24, 25

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,
   812 F.2d 298 (7th Cir. 1987),
   *aff'd*, 489 U.S. 189 (1989) ........................................................16

*Duvall v. County of Kitsap*,
   260 F.3d 1124 (9th Cir. 2001) ....................................................27

*Eric L. v. Bird*,
   848 F. Supp. 303 (D.N.H. 1994) .................................................16

*Eulitt v. City of San Diego*,
   2021 WL 3779226 (S.D. Cal. July 29, 2021)...............................28

*Grae-El v. City of Seattle*,
   2022 WL 16758473 (W.D. Wash. Nov. 8, 2022) .........................16

*Harper v. City of Los Angeles*,
   533 F.3d 1010 (9th Cir. 2008)......................................................24

*Hunter v. County of Sacramento*,
   652 F.3d 1225 (9th Cir. 2011)......................................................18

*I.B. v. County of San Bernardino*,
   2018 WL 6016290 (C.D. Cal. July 9, 2018) ...............18, 24, 27

*J.P. v. County of Alameda*,
   803 F. App'x 106 (9th Cir. Mar. 2, 2020)....................................16

*J.R. v. Gloria*,
   593 F.3d 73 (1st Cir. 2010) .........................................................21

*Jasmin v. Santa Monica Police Dep't*,
   2017 WL 10575167 (C.D. Cal. Sept. 22, 2017)............................18

*Jensen v. County of Los Angeles*,
   2017 WL 10574059 (C.D. Cal. July 13, 2017) .............................18

*K.H. v. Morgan*,
   914 F.2d 846 (7th Cir. 1990)........................................................16

*Lane v. Kitzhaber*,
   841 F. Supp. 2d 1199 (D. Or. 2012)............................................27

*Lipscomb By and Through DeFehr v. Simmons*,
   962 F.2d 1374 (9th Cir. 1992) .....................................................14

*M.D. by Stukenberg v. Abbott*,
   907 F.3d 237 (5th Cir. 2018).............................................15, 22, 24

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*M.D. v. Perry,*
   294 F.R.D. 7 (S.D. Tex. 2013) ......................................................................... 16

*M.P. v. County of Los Angeles,*
   2020 WL 13585965 (C.D. Cal. Apr. 3, 2020) .......................................... 12, 18

*Mabe v. San Bernardino County,*
   237 F.3d 1101 (9th Cir. 2001) ...................................................................... 20

*Machul v. Browning,*
   2014 WL 4590008 (C.D. Cal. Sept. 15, 2014) ............................................ 18

*Marisol A. v. Giuliani,*
   929 F. Supp. 662 (S.D.N.Y. 1996) .............................................................. 15

*Momox-Caselis v. Donohue,*
   987 F.3d 835 (9th Cir. 2021) ...................................................................... 20

*Monell v. Dep't of Soc. Servs.,*
   436 U.S. 658 (1978) ......................................................... 12, 15, 17, 24

*Mong Kim Tran v. City of Garden Grove,*
   2012 WL 405088 (C.D. Cal. Feb. 7, 2012) .................................................. 24

*Monsanto Co. v. Geertson Seed Farms,*
   561 U.S. 139 (2010) ...................................................................................... 14

*Navarro v. Block,*
   250 F.3d 729 (9th Cir. 2001) ...................................................................... 11

*Nozzi v. Hous. Auth. of L.A.,*
   806 F.3d 1178 (9th Cir. 2015) ...................................................................... 25

*Payan v. L.A. Cmty. Coll. Dist.,*
   11 F.4th 729 (9th Cir. 2021) .................................................................. 27, 28

*Pembaur v. City of Cincinnati,*
   475 U.S. 469 (1986) ................................................................................ 21, 22

*Probodanu v. Sessions,*
   387 F. Supp. 3d 1031 (C.D. Cal. 2019) ...................................................... 15

*Quintanilla v. City of Downey,*
   84 F.3d 353 (9th Cir. 1996) ........................................................................ 15

*Rodriguez v. County of San Bernardino,*
   2023 WL 5337818 (C.D. Cal. Aug. 17, 2023) ...................................... 18, 19

*S.P. v. County of San Bernardino,*
   2020 WL 3051360 (C.D. Cal. Mar. 24, 2020) ............................................ 17

*Schmier v. U.S. Court of Appeals for Ninth Circuit,*
   279 F.3d 817 (9th Cir. 2002) ...................................................................... 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

638302.8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Scott v. Henrich*,
   39 F.3d 912 (9th Cir. 1994) ................................................................. 15

*Sharkey v. O'Neal*,
   778 F.3d 767 (9th Cir. 2015) ............................................................... 27

*Simon v. E. Kent. Welfare Rights Org.*,
   426 U.S. 26 (1976) .............................................................................. 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................................... 12

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................. 12

*Toguchi v. Chung*,
   391 F.3d 1051 (9th Cir. 2004) ............................................................. 21

*Trevino v. Gates*,
   99 F.3d 911 (9th Cir. 1996) ........................................................... 18, 20

*Wyatt B. v. Brown*,
   2021 WL 4434011 (D. Ore. Sept. 27, 2021) ....................................... 15

*X.R. v. County of Los Angeles*,
   2020 WL 6162803 (C.D. Cal. July 20, 2020) ..................................... 25

**STATE CASES**

*Today's Fresh Start, Inc. v. L.A. Cnty. Office of Educ.*,
   57 Cal. 4th 197 (2013) ........................................................................ 25

**FEDERAL STATUTES**

42 U.S.C. § 12102 ....................................................................................... 27

42 U.S.C. § 1983 ................................................................................... passim

42 U.S.C. § 671 .................................................................................... 13, 14

42 U.S.C. § 675 .......................................................................................... 13

**STATE STATUTES**

Cal. Gov. Code § 11135 ......................................................................... 27, 28

Cal. Welf. & Inst. Code § 16501.1 .............................................................. 26

Cal. Welf. & Inst. Code § 16503 ................................................................. 26

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

638302.8

1

# **FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

638302.8

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## I. __INTRODUCTION__

The Plaintiffs in this action are foster children in San Bernardino County (the "County") who were taken into the County's care because of substantiated reports of abuse or neglect.  Each has an ongoing dependency proceeding in juvenile court where they are represented by counsel.  Any and all concerns relating to the quality and safety of their care can and should be raised before the juvenile court, which by law has "ultimate authority" over the welfare of foster children.

Instead of raising issues there, a group of adult "next friends"—none of whom are the minors' primary caretakers—has filed this federal lawsuit seeking injunctive relief to overhaul nearly ever aspect of the County's foster care system.  In Plaintiffs' own words, they allege that it might be better for the entire system to be "abolished."  This is exactly the type of lawsuit that federal courts are not supposed to get involved in.  Plaintiffs' recourse is with the state juvenile courts, where they are free to raise every concern and every cause of action asserted in this case.

The First Amended Complaint ("FAC") should be dismissed.  It makes generalized, conclusory, hearsay-laden criticisms untethered to any cognizable injury borne by an actual person.  And it impugns the integrity of those who have devoted their lives to caring for abused and neglected youth.  What it does not do is state a plausible claim for relief.

The FAC does not plead a cognizable deprivation of state or federal rights.  It does not plead a custom, policy or practice to deprive such rights.  It does not plead deliberate indifference as to the welfare of foster youth.  And it does not plead a direct causal link between its generalized criticisms and any concrete injury suffered by Plaintiffs or the class they purport to represent.  As such, it does not come anything close to an adequate claim under 42 U.S.C. § 1983.

Its state law claims are equally perfunctory and formulaic.  And it does not come close to pleading a violation of the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA").  The FAC should be dismissed.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Claims

The FAC lodges three overarching criticisms of the County foster care system:  (1) Case Plans: failure to timely develop, regularly update, individualize, or effectively implement case plans (¶¶ 67-78)[1]; (2) Placements: failure to provide adequate, properly-vetted, safe and monitored foster care and permanent placements (¶¶ 62-66, 79-85, 94-106); and (3) Services:  failure to timely provide necessary medical, dental, and mental health assessments and services, and reunification services (¶¶ 86-93, 117-23).[2]

### B.     The County's Policies

The County has robust policies that deal with the issues raised in the FAC.

The CFS Policy Handbook addresses case planning and incorporates all requirements under applicable law.  (See Moridani Decl. Ex. 5 at A-L1-1.)  Social workers are required to draft a case plan within 60 days after the determination is made to offer services to a family where a child has been removed or an in-person response has been made following a report of abuse, neglect, or exploitation.  (Id.)  The policy also addresses youth involvement in case plans, CFT meetings, educational stability, sexual health education, child abuse prevention and treatment, safety and risk assessments, reunification plans, and permanency planning.  (See id.)

The CFS Policy Handbook also outlines the Child and Family Team Meeting ("CFTM") requirements.  (Id. Ex. 9 Ch. S.)  It requires CFTMs to take place within

---

[1] Unless otherwise stated, citations to (¶ __) herein are to the FAC (Dkt. No. 34).

[2] Plaintiffs contend that County caseworkers "carry dangerously high caseloads." (¶¶ 107-16 (capitalization omitted).)  There is no state or federal right to a particular caseload maximum or even to adequate case workers.  B.H. v. Johnson, 715 F. Supp. 1387, 1397-98 (N.D. Ill. 1989) (held that "claims to . . . adequate caseworkers are not cognizable under the substantive due process reach of the Fourteenth Amendment").

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

60 days of a child entering custody. (*Id.* at A-S1-2.) While key stakeholders are encouraged to attend, attendance is voluntary. (*Id.* at A-S1-3-4.) County policy is to include all key stakeholders in CFT meetings, but also recognizes that there will be times when not all stakeholders are willing or able to attend, and CFT meetings should not be postponed as a result. (*Id.*) The policy also notes that the youth should participate whenever possible, but it should be limited if the nature of the meeting agenda is not suitable for youth. (*Id.* at A-S1-5.)

CFS has specific policies for children with special medical or mental health needs. (*See id.* Ex. 8 Ch. P; Ex. 5 Ch. J.) These policies outline specialized placement options aimed to place children in the least restrictive environment while still meeting their unique medical needs. (*See id.* Ex. 8 at P-P-1.) This is to ensure children entering the welfare system receive complete mental health screenings and timely, appropriate services. (*Id.* Ex. 5 at A-J-1.)

County policies also maximize opportunities for recruiting and developing professionals in foster care. For example, the CFS Clinical Licensure Supervision Program allows for social service practitioners to work toward licensure while working for the County and supports the professional development of staff. (*See id.* Ex. 1 at P2-A-1.) Additionally, CFS' Intern Field Education Program provides social work field instruction to student interns. (*See id.* Ex. 2 at P2-E-1.)

The County also maintains robust policies for out-of-home placements, emergency placements, and the process for vetting and approval of Resource Family Homes. (*See* Ex. 3 Ch. A, Ex. 7 Ch. L, Ex. 4 Ch. F.)

## C.    The County's Ongoing Efforts For Foster Youth

Plaintiffs would have the Court believe the County is indifferent to the welfare of foster children. The facts are quite different.

For example, the County has allocated $5.4 million in ongoing funding to support 85 new staff positions at CFS, including social workers, supervisory staff, and administrative and support staff. These new positions will cost an estimated

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

$10,003,885 annually.  (*See* Moridani Decl. Ex. 15 at 730.)  The County has also committed more than $10 million to finance contracts for Child Abuse Prevention and Treatment Services, as well as an additional $3.4 million for contract services to expand mental health programs, specifically Early Identification and Intervention Services and Screening, Assessment, Referral & Treatment.  (*Id.* Exs. 14, 15.)

The County has approved a memorandum of understanding for mental health services with Loma Linda University Children's Hospital.  (*Id.* Ex. 16.)  That is on top of the myriad programs it already provides, including the Healthy Homes Program, Juvenile Court Behavioral Health Services Program, Child and Youth Connection Program, and Screening, Assessment, Referral and Treatment Program. (*Id.* Ex. 15, 17.)

The County has more than $50 million in contracts with Victor Community Support Services ("VCSS") to provide wraparound services through 2026 and CFTM facilitator services through June 2024.  (*Id.* Exs. 10, 11.)  The County has also spent millions expanding its emergency placement capacity via its February 2022 contract with the Family Assistance Program.  (*Id.* Ex. 12.)

Finally, contrary to Plaintiffs' allegations, the County follows the Resource Family Approval Background Assessment Guidelines in vetting and licensing prospective foster homes.  (*Id.* Ex. 13.)  The process is limited by law to live scan fingerprinting, Megan's Law check, Licensing Information System/Administrative Action Records System check, Department of Motor Vehicle check, and Resource Family Criminal Record Statement.  (*Id.*)

### III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To avoid dismissal, the plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Where a complaint

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.*

"Threadbare recitals of the elements of a cause of action" will not do.  556 U.S. at 678.  Similarly, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  Courts do not accept "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).   Nor do they "accept as true legal conclusions couched as factual allegations." *M.P. v. County of Los Angeles*, 2020 WL 13585965, at *3 (C.D. Cal. Apr. 3, 2020).

"Post-*Iqbal* decisions have considered motions to dismiss a claim of municipal liability under a heightened pleading standard." *Boarman v. County of Sacramento*, 2013 WL 1326196, at *2 (E.D. Cal. Mar. 29, 2013) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).)  Where, as here, a plaintiff asserts municipal liability, the Ninth Circuit has established a two-part rule:  "First, to be entitled to the presumption of truth, allegations . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216.

## IV.   ARGUMENT

### A.   The FAC Fails To Plead Municipal Liability Under Section 1983

#### 1.   Standard for Municipal Liability

Municipal liability under 42 U.S.C. § 1983 is significantly circumscribed. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016).  Rather, to state a claim against a municipality, Plaintiffs

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

must plead facts establishing that:  "(1) the plaintiff was deprived of a constitutional right[3]; (2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation." *Brown v. County of Mariposa*, 2019 WL 4956142, at \*2 (E.D. Cal. Oct. 8, 2019).

The FAC asserts three Section 1983 causes of action: (1) violation of the Adoption Assistance and Child Welfare Act ("AACWA") (¶¶ 235-38); (2) denial of Substantive Due Process under the Fourteenth Amendment (¶¶ 244-48); and (3) violation of the right to family association (¶¶ 253-60).  None is adequately pled.

### 2.    <u>The FAC Fails to Allege Deprivation of Federal Rights</u>

### (a)    <u>No Denial of Rights Under the AACWA</u>

The FAC claims that the County has failed to provide adequate case plans in violation of the AACWA.  (¶¶ 235-38 (citing 42 U.S.C. § 671(a)(16), (22); 42 U.S.C. § 675(1)(A), (B) and § 675(5)(A) and (E)).)  But none of the named Plaintiffs alleges that their case plans are inadequate.  Thus, the claim fails.

Six of the 11 Plaintiffs admit that they have a case plan.  (*See* ¶¶ 144 (Gary G.); ¶¶ 164, 170 (Francesca and Delilah B.); ¶ 180 (Teddy H.); ¶ 188 (Kevin and Sam E.).)  The other named plaintiffs say nothing about case plans at all.  No named Plaintiff alleges any deficiencies in the contents of their case plan with respect to AACWA requirements.  Thus, the named Plaintiffs in this action do not claim to have been deprived rights under the AACWA.  That is the end of the matter.

The rest of the allegations in the complaint pertaining to case plans are generalized critiques untethered to a concrete injury experienced by any named Plaintiff.  (¶¶ 48-50, 67-78.)  Allegations of systemic deficiencies cannot support a

---

[3] Section 1983 applies to violations of both constitutional and statutory rights.  The standard is the same. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997) (applying same standard for section 1983 liability based on "a violation of a specific constitutional or statutory right").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400    FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

complaint in the absence of a named plaintiff with a claim.  *See, e.g., Simon v. E. Kent. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'").

In addition, there is no private right of action under 42 U.S.C. § 671(a)(22). (¶ 237 b (citing section 671(a)(22))); *Clark K. v. Guinn*, 2007 WL 1435428, at *10 (D. Nev. May 14, 2007) (no private right of action under subsection 671(a)(22).)

### (b)    No Denial of Substantive Due Process

Plaintiffs' Substantive Due Process claim also fails to allege the deprivation of cognizable rights.  The Fourteenth Amendment guarantees only "reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child."  *Lipscomb By and Through DeFehr v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992).

Plaintiffs allege the denial of seven purported "substantive due process rights."  (¶ 246.)  None of it states a claim, however, for these rights either do not exist at all or Plaintiffs do not allege that a cognizable right is currently being (or imminently will be) violated.  For example, Plaintiffs claim a right to freedom from the "risk of maltreatment."  (¶ 246(a).)  Mere risk of injury is not something a federal court may remedy.[4]  *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002) ("[H]ypothetical, speculative or other 'possible future' injuries do not count in the standings calculus."); *Probodanu v. Sessions*, 387 F.

---

[4] Federal courts lack jurisdiction in the absence of injury that is "concrete, particularized, and ***actual or imminent*** . . . ."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis added) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).  "[I]mminent" means "*certainly* impending."  *Id.* (citation omitted).  None of the named Plaintiffs alleges that they are at certainly impending risk of mistreatment by their foster parents.

Supp. 3d 1031, 1039 (C.D. Cal. 2019) ("Fear of some hypothetical, future harm is insufficient to satisfy standing's injury-in-fact requirement.").

It is also not enough to plead municipal liability under section 1983. *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) ("[A]n individual may recover under § 1983 only when his federal rights have been violated."); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (*Monell* claim requires underlying constitutional violation); *see also Iqbal*, 556 U.S. at 678-79 (the "mere possibility of misconduct" is inadequate to state a claim).

Plaintiffs claim a right to "protection from unnecessary intrusions into the child's emotional wellbeing" (¶ 246 b)) and services "in the least restrictive environment" (¶ 246 c)). The Fourteenth Amendment contains no such rights. *M.D. by Stukenberg v. Abbott*, 907 F.3d 237, 250, 268 (5th Cir. 2018) (Fourteenth Amendment provides only "very limited right to be free from *severe* psychological abuse and emotional trauma"; availability of placements "that provide the most 'home-like,' 'least-restrictive' environments, is something uniquely out of the State's control"); *Marisol A. v. Giuliani*, 929 F. Supp. 662, 675 (S.D.N.Y. 1996) (no right to "foster care with an optimum level of care or treatment," nor any right "to a least restrictive, optimal placement."); *Clark K.*, 2007 WL 1435428, at *14 (rejecting right to "to be placed in the least restrictive placement based on the foster child's needs").

There similarly is no right to "duration of foster care reasonably related to the purpose of government custody," or right "not to be maintained in custody longer than is necessary to accomplish the purpose to be served by taking a child into government custody." *Compare* ¶ 246 d), f) *with Wyatt B. v. Brown*, 2021 WL 4434011, at *9 (D. Ore. Sept. 27, 2021) (rejecting identical claims asserted here). Neither is there any right to be "reunited with an appropriate permanent home and family within a reasonable period." *Compare* ¶ 246 g) *with id.*; *Clark K.*, 2007 WL 1435428, at *15 (rejecting substantive due process claim to "not be retained in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    custody longer than is necessary"); *Eric L. v. Bird*, 848 F. Supp. 303, 307 (D.N.H.

2    1994) (rejecting substantive due process claim to placement stability); *K.H. v.*

3    *Morgan*, 914 F.2d 846, 853 (7th Cir. 1990) (rejecting substantive due process claim

4    to "a stable foster-home environment").[5]

5        Finally, there is no obligation to ensure "treatment and care consistent with

6    the purpose and assumptions of government custody."  *Compare* ¶ 246 e) *with*

7    *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 812 F.2d 298, 304 (7th Cir.

8    1987), *aff'd*, 489 U.S. 189 (1989) (rejecting "the proposition that by once assuming

9    custody of a child a state becomes obligated by federal law to act with some

10   minimum competence in overseeing the child's welfare" because doing so would

11   "inject the federal courts into an area in which they have little knowledge or

12   experience:  that of child welfare").

13                 **(c)      No Cognizable Right to Familial Association**

14       To the extent there exists any right to family association, it does not cover a

15   generalized "right to a permanent home and family."  (¶ 258.)  The Ninth Circuit has

16   only recognized a claim for loss of familial association "where a state actor

17   unlawfully interferes with the parent-child relationship."  *Grae-El v. City of Seattle*,

18   2022 WL 16758473, at *5 (W.D. Wash. Nov. 8, 2022); *J.P. v. County of Alameda*,

19   803 F. App'x 106, 109 (9th Cir. Mar. 2, 2020) (whether under the First or

20   Fourteenth Amendments, the right to "familial relationship has been limited to that

21   between a parent and child" and does not extend to siblings); *see also M.D. v. Perry*,

22   294 F.R.D. 7, 47 (S.D. Tex. 2013) (no "right to family integrity, derived primarily

23

24   _____

25   [5] Although California endeavors to transition youth to a permanent placement as
     soon as appropriate, nothing in the Fourteenth Amendment entitles a foster youth to
26   a permanent home or family.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,
     489 U.S. 189, 202 (1989) ("A State may . . . impose such affirmative duties of care .
27   . . as it wishes.  But not 'all common-law duties . . . were . . . constitutionalized by
     the Fourteenth Amendment.").
28

from the First Amendment"); *Black v. Beame*, 419 F. Supp. 599, 607 (S.D.N.Y. 1976) ("There is no constitutional obligation . . . to affirmatively insure a given type of family life, and none may be created by inference and misdirection through the penumbral constitutional right to familial privacy.").

Plaintiffs do not allege that the County Defendants have denied them access to their parents. They claim only that the County Defendants failed to create a permanent family for them. (*See, e.g.,* ¶ 258.) There is no such right enshrined in the Constitution. In sum, none of Plaintiffs' Section 1983 causes of action pleads a cognizable violation of federal rights. Each claim should be dismissed.

### 3.    <u>No Policy or Custom Violating Federal Law</u>

Plaintiffs' Section 1983 claims also fail because the FAC does not plead a policy or custom or practice that violates federal law.

To state a claim under section 1983, a plaintiff must plead that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. In the absence of a formal written policy, a plaintiff must allege a governmental custom so "permanent and well settled as to" have the "force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

"While the Ninth Circuit previously had a liberal pleading standard for *Monell* claims, '[c]ourts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.'" *County of Mariposa*, 2019 WL 4956142, at *3. Further, it is not enough for Plaintiffs to allege their own injury; they must plead facts establishing that those injuries also have been borne by others. *S.P. v. County of San Bernardino*, 2020 WL 3051360, at *11 (C.D. Cal. Mar. 24, 2020) (dismissing section 1983 claim where foster youth "[a]lleged that <u>they</u> were placed in an inadequate and overcrowded home" but alleged no facts establishing "that the County placed other foster children in inadequate and overcrowded homes"); *I.B. v. County of San*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  *Bernardino*, 2018 WL 6016290, at \*9 (C.D. Cal. July 9, 2018) (without "alleg[ing]

2  any other instances of the asserted violations, other than the alleged violations that

3  Plaintiffs claim to have experienced themselves, Plaintiffs do not sufficiently allege

4  a custom, policy, or practice"); *M.P.*, 2020 WL 13585965, at \*6 (same).

5      Even then, liability "may not be predicated on isolated or sporadic incidents;

6  it must be founded upon practices of sufficient duration, frequency and consistency

7  that the conduct has become a traditional method of carrying out policy." *Trevino v.*

8  *Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Hunter v. County of Sacramento*, 652 F.3d

9  1225, 1233 (9th Cir. 2011) (violations must be "widespread" and "pervasive").

10      "Simply invoking the phrase 'policy, custom or practice,' . . . does not satisfy

11  the pleading requirements of a *Monell* claim." *Machul v. Browning*, 2014 WL

12  4590008, at \*3 (C.D. Cal. Sept. 15, 2014).  Plaintiffs must allege "specific facts that

13  demonstrate that duration, frequency and consistency to establish a custom."

14  *Rodriguez v. County of San Bernardino*, 2023 WL 5337818, at \*7 (C.D. Cal. Aug.

15  17, 2023) (Frimpong, J.); *Jasmin v. Santa Monica Police Dep't*, 2017 WL

16  10575167, at \*8 (C.D. Cal. Sept. 22, 2017) (same); *A.E. v. County of Tulare*, 2010

17  WL 1407857, at \*12 (E.D. Cal. Apr. 7, 2010) (same); *Jensen v. County of Los*

18  *Angeles*, 2017 WL 10574059, at \*9 (C.D. Cal. July 13, 2017) ("Plaintiff offers no

19  basis from which the Court may conclude that other similar incidents did, in fact,

20  occur; or that they were sufficiently serious or widespread such that Defendants

21  should have known, or did know, that they occurred and warranted remedial

22  action.").

23      The FAC is heavy on formulaic recitations of the phrase "policies and

24  practices" (*see, e.g.*, ¶¶ 12, 20, 93, 98, 106, 237, 242, 247-48), but it is utterly

25  devoid of **_facts_**.  It does not identify, describe, quote, or incorporate by reference any

26  formal County policies.  (*See generally* FAC); *County of Mariposa*, 2019 WL

27  4956142, at \*3.  That is because they cannot cite any such policy.  As explained

28  above (*supra*, Section II.B), the County's formal policies comply with the law.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

As to custom, the FAC offers no "specific facts" about the "duration, frequency or consistency" of the deficiencies it alleges.  *Rodriguez*, 2023 WL 5337818, at *7.  For example, the FAC alleges that the County has a "lack of short-term emergency placements." (¶ 85.)  But, aside from the phrase "[a] certain number" (¶ 82), it provides no indication of how many foster youth in need of a short-term emergency placement do not receive them, how often that happens or for how long this issue purportedly has existed.  (*See* ¶¶ 79-85.)

Similarly, with respect to vetting and monitoring of placements, the FAC alleges that caseworkers "do not visit all children monthly . . . and there are insufficient and inadequate home inspections during visits." (¶ 65.)  But it provides no indication as to what proportion of foster youth do not receive monthly visits or adequate home inspections, or whether these are isolated or pervasive issues, or whether they are sporadic or consistent.  (*See id.*)  Indeed, one of the named Plaintiffs admits that "[c]aseworker visits occurred monthly[.]" (¶ 169.)

With respect to services, the FAC claims that "CFS is persistently failing to provide [required] assessments." (¶ 87.)  For that, it points to a single month in 2022, where it admits assessments were in fact provided, but quibbles with the timing.  (*Id.*)  The FAC is silent on what proportion of foster youth are not actually receiving assessments or services to which they are entitled, how often that happens, or for how long the issue has persisted.

Aside from this one allegation, the FAC contains nothing but a series of conclusions that the County's efforts are "[i]nadequate" and "severely lacking," along with the formulaic assertion that "[t]he lack of timely and adequate assessments and services results from CFS's long-standing actions and inactions." (¶¶ 90, 93.)  What longstanding actions?  What longstanding inactions?  As to how many children?  How consistently?  For how long?  The FAC does not say. (¶¶ 87-93.)  Put simply, the FAC alleges no "specific facts."

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

638302.8

19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Plaintiffs' case plan allegations similarly fail.  Half of them simply state Plaintiffs' legal conclusions about what the law and County policy require.  (¶¶ 67-72.)  The rest are conclusory assertions, such as "caseworkers do not complete case plans on time" or "CFT meetings do not occur on time," and "caseworkers often do not speak the same language as the family."  (¶¶ 73, 76-77.)  That is not enough.[6]

There are no "specific facts" identifying "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino*, 99 F.3d at 918.  The FAC fails to state a claim.

### 4.  No Deliberate Indifference

On top of pleading an underlying violation of federal rights and a policy or longstanding custom of doing so (*supra*, Sections IV.A.2 & 3), a section 1983 complaint must also be tested against "rigorous standards of culpability."  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997).  Plaintiffs must plead facts establishing that their injury was due to "***deliberate indifference***."  *County of Mariposa*, 2019 WL 4956142, at *2 (emphasis added) (citing *Mabe v. San Bernardino County*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).)

This standard, in the foster care context, is a "virtually unscalable peak."  *Connor B. ex rel. Vigurs v. Patrick*, 985 F. Supp. 2d 129, 166 (D. Mass. 2013), *aff'd*, 774 F.3d 45 (1st Cir. 2014).  The plaintiff must show "(1) there was an objectively substantial risk of harm; (2) the Department was ***subjectively aware*** of facts from which an inference could be drawn that a ***substantial risk of serious harm*** existed; and (3) the Department either actually drew that inference or a reasonable official would have been compelled to draw that inference."  *Momox-Caselis v. Donohue*, 987 F.3d 835, 845 (9th Cir. 2021) (emphases added).  In other

---

[6] Neither do Plaintiffs' cherry-picked quotations from a six year old County self-assessment discussing areas of improvement such as "lack of engagement" and voices "not being heard" (¶ 74) establish a "permanent and well settled" tradition (*Praprotnik*, 485 U.S. at 127) of denying foster youth case plans.

638302.8

1  words, *that the County made "a deliberate choice . . . from among various*
2  *alternatives," knowing that choice would result in harm*.  *Pembaur v. City of*
3  *Cincinnati*, 475 U.S. 469, 483 (1986) (custom actionable only if plaintiffs pleads
4  facts showing that violation was "officially sanctioned or ordered").

5      That is a tall order.  "A showing of simple or even heightened negligence will
6  not suffice."  *Brown*, 520 U.S. at 407.  Not even malpractice rises to the level of
7  deliberate indifference.  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).
8  The conduct complained of must be "so egregious, so outrageous, that it may fairly
9  be said to shock the contemporary conscience."  *County of Sacramento v. Lewis*,
10  523 U.S. 833, 847 n.8 (1998).  This burden "is extremely high, requiring 'stunning'
11  evidence of 'arbitrariness and caprice' that extends beyond '[m]ere violations of
12  state law, even violations resulting from bad faith' to 'something more egregious
13  and more extreme.'"  *J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010) (synthesizing
14  Court of Appeals opinions).

15      The FAC does not come close to meeting this high standard.  With respect to
16  case plans, it alleges that "CFS's caseworkers do not complete case plans on time or
17  with all the required information" (¶ 73), and that this "prevents CFS from
18  evaluating foster children's service needs and effectively planning for permanency
19  as the law requires."  (¶ 78.)  Totally absent, however, is any allegation that the
20  County knows Plaintiffs are being denied case plans, or that it has made the
21  "deliberate choice" to do so.  *Pembaur*, 475 U.S. at 483.

22      Plaintiffs also fault the County for excessive caseloads.  (¶¶ 17, 107-16.)
23  Here too, Plaintiffs fail to plead that the County made a "deliberate choice" to
24  maintain excessive caseloads.  *Pembaur*, 475 U.S. at 483.  The only way to decrease
25  social worker caseloads is to hire more social workers.  That can only happen if:
26  (i) the County has the money to do it; and (ii) there are social workers available to
27  hire.  The FAC does not allege that there exist available funds that have not been
28  used to hire more social workers.  Nor does it allege that there even are social

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  workers available to be hired.  Having presented no "alternatives" that the County

2  might choose, there is no basis to infer that the County made a choice at all, let

3  alone a deliberate one that shocks the conscience.  *Id*.

4      Plaintiffs' criticisms of the County's foster care placements fare no better.

5  For example, Plaintiffs contend the County fails to provide placements in the most

6  home-like and least-restrictive setting.  (¶¶ 4, 7-8, 49, 79.)  Even if true (which is

7  disputed), the FAC provides no facts showing that the County has made a knowing

8  and deliberate choice not to make such placements available.

9      "[T]he availability of foster homes, particularly those that provide the most

10  'home-like,' 'least-restrictive' environments, is something uniquely out of the

11  State's control."  *M.D.*, 907 F.3d at 268.  While "an increase in funding [] would

12  allow DFPS to pay more potential foster families and may improve recruitment

13  efforts," *id.*, funding is itself a limited resource that the County cannot create out of

14  nothing.  Further, participation in the foster family program is voluntary, and "DFPS

15  cannot force people to volunteer."  *Id.*  The availability of placements is also

16  "affected by the population size[] of the count[y] . . . , the volume of children being

17  removed from their homes in a particular county or region, and the ratio of rural to

18  urban communities."  *Id.*  In other words, "neither bolstering the administrative

19  ranks nor obtaining the requisite number of foster homes will resolve the ongoing

20  placement challenges related to ensuring a child's unique fit with a prospective

21  placement.  *Id.* (quoting *Connor B.*, 985 F. Supp. 2d at 144).

22      The FAC makes no allegation that the County has available to it additional,

23  better, safer, more fitting placements but deliberately has chosen not to fund them.

24  In the absence of such an allegation, the FAC does not plead deliberate indifference.

25      The FAC likewise does not even plead deliberate indifference individually as

26  to the named Plaintiffs.  For example, Gary G.—the lead plaintiff in this action—

27  admits that he receives services at "Loma Linda University Medical Center every

28  month"; "blood tests every two months, has had a preventive MRI, and has received

638302.8                                    22

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   an electroencephalogram"; "ongoing treatment from a neurology specialist and an

2   eye specialist"; "leg braces to treat tip-toe walking"; and currently has multiple

3   appointments per week "with doctors and therapists." (¶¶ 140-42.) He does not

4   deny receiving "occupational and physical therapy"—but would prefer them to

5   happen simultaneously. (*Id.*) He admits he has case and reunification plans.

6   (¶¶ 144, 147-48.) And he admits that social workers have made numerous visits to

7   check on his welfare, both in the home and at their offices. (¶ 144.)

8         His only complaint is that a referral has taken longer than it should. (¶¶ 144-

9   46.) That does not rise to the level of shocking the conscience.[7]

10         Kevin E. and Sam E. likewise do no plead deliberate indifference. Their

11   only complaints are that they have not seen their case plan and CFT meetings have

12   not always included "necessary parties." (¶ 188.) For starters, there is no

13   Fourteenth Amendment right to a case plan. Even if there were, Kevin E. and Sam

14   E. do not deny that they have one. (*Id.*) While the FAC alleges they have not seen

15   it, it does not allege that Kevin E. or Sam E. have asked to or that they have any

16   desire to participate in case planning. (*Id.*) As to CFT meetings, attendance is

17   voluntary. (*Supra* Section II.B.) The County cannot force anyone to attend and, per

18   County policy, it is better to hold a meeting with some people missing than to have

19   no meeting at all. (*Id.*) None of this shocks the conscience.[8]

20         The County is doing everything it can with the resources and personnel

21   available to it. The FAC does not allege that the County is aware that Plaintiffs are

22   being injured but has chosen to do nothing. That is because it is not the case at all.

---

[7] The rest of Gary G.'s allegations are about his father's failure to follow the requirements of his reunification plan. (¶¶ 147-49.) That is obviously not within the County's control.

[8] The rest of the named Plaintiffs' allegations suffer from similar issues. (*See generally* ¶¶ 137-220.)

5.   **No Causation**

The FAC also fails to plead, as it must, that any custom or practice of the County is the "moving force" behind the alleged violation of their rights.

To state a claim under section 1983, a plaintiff must allege facts proving that the conduct complained of "directly caused a deprivation of federal rights." *Brown*, 520 U.S. at 415.  "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *A.E.*, 2010 WL 1407857, at *13 ("To impose *Monell* liability, a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.  Plaintiff must, of course, prove that his injury was caused by city policy.").

A complaint that does not "adequately explain how the alleged policies" or practices caused the alleged violation of rights cannot survive a motion to dismiss. *I.B.*, 2018 WL 6016290, at *10; *Canas v. City of Sunnyvale*, 2011 WL 1743910, at *6 (N.D. Cal. Jan. 19, 2011) (dismissing complaint that did not "explain *how* the alleged policies or customs caused harm to Plaintiffs"); *Mong Kim Tran v. City of Garden Grove*, 2012 WL 405088, at *4 (C.D. Cal. Feb. 7, 2012) (same).

Establishing a "direct causal link between the [municipal] policy and the constitutional deprivation" is a "high threshold." *M.D.*, 907 F.3d at 253.  Where plaintiffs merely "recite the elements of a *Monell* claim against the County, the Court finds that plaintiffs do not allege facts that, if true, would establish that the County had a policy or widespread custom that caused the plaintiffs' injuries." *D.B. v. Brewer*, 2017 WL 2766437, at *16 (C.D. Cal. June 26, 2017).  It is also not enough to allege "'collective inaction' that 'amounted to actionable deliberate indifference to the risk of harm.'" *A.E.*, 2010 WL 1407857, at *13.

The FAC fails to plead cause-in-fact or proximate cause and therefore should be dismissed.  The FAC makes generalized criticisms about inaction by the County

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

and ends with a conclusory allegation that that inaction causes a "risk" of harm. (¶¶ 66, 78, 85, 93, 98, 106, 116, 121.)  Nowhere does it explain who failed to act or how such inaction directly causes actual or imminent injuries.  None of the allegations pertaining specifically to the named Plaintiffs even undertakes to draw a "direct causal link" between any County policy or custom and their alleged injuries.

Beyond that, the FAC contains a single, boilerplate allegation that "Plaintiffs' injuries were caused, and are being caused, by CFS's numerous policies and practices that violate the rights of foster children protected by state and federal statutes and safeguarded by the United States and California Constitutions."  (¶ 12.) That is not good enough.  *D.B.*, 2017 WL 2766437, at *16; *X.R. v. County of Los Angeles*, 2020 WL 6162803, at *5 (C.D. Cal. July 20, 2020) (dismissing complaint alleging county foster system had "(1) inadequate staffing, (2) excessive caseloads; and (3) inadequate training" for failure to plead "whether they actually caused Plaintiffs' injuries"); *Chandler v. City of Barstow*, 2019 WL 926349, at *4 (C.D. Cal. Jan. 9, 2019) (to "impose liability under *Monell*," plaintiff must plead "that [the injury] was caused by an existing, unconstitutional . . . policy, which policy can be attributed to a . . . policymaker").

### B.  Plaintiffs Also Fail To State A Substantive Due Process Claim Under State Law

"Article 1 § 7 of the California Constitution is 'virtually identical' to the Due Process Clause of the United States Constitution, with the caveat that California courts place a higher significant on the dignitary interest inherent in providing proper procedure."  *Nozzi v. Hous. Auth. of L.A.*, 806 F.3d 1178, 1190 n.15 (9th Cir. 2015).  As such, California courts "have looked to the United States Supreme Court's precedents for guidance in interpreting the contours of our own due process class and have treated the state clause's prescriptions as substantially overlapping those of the federal Constitution."  *Today's Fresh Start, Inc. v. L.A. Cnty. Office of Educ.*, 57 Cal. 4th 197, 212 (2013).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    Because Plaintiffs fail to plead a claim for denial of substantive due process

2    under the Fourteenth Amendment (*supra*, Section IV.A.2), they also fail to plead a

3    claim under the California constitution.

4    **C.    The Complaint Fails To State A Claim Under Welfare And**

5        **Institutions Code Sections 16501.1 Or 16503**

6    Plaintiffs' claim for violation of California Welfare and Institutions Code

7    Sections 16501.1 and 16503 fails to plead facts specific "enough to raise a right to

8    relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

9    (2007).  It should be dismissed.

10   Plaintiffs allege that Section 16501.1(e) requires that case plans be prepared

11   within 60 days of removal and updated no less frequently than every six months.

12   (¶ 242 a), b)).  But none of the named Plaintiffs alleges that the County has failed to

13   do so.  (*See* ¶¶ 138-220.)

14   Plaintiffs allege they are entitled to "specific goals," "provisions for the

15   development and maintenance of sibling relationships," and plans for "educational

16   stability."  (¶ 242 c)-e).)  The named Plaintiffs do not allege they have been denied

17   these things.  (*See* ¶¶ 138-220.)

18   Finally, Plaintiffs allege that, under Section 16503(a), they are entitled to

19   administrative reviews to determine the adequacy of their permanency plans and

20   services.  (¶ 242 i).)  None of them alleges that these administrative reviews are not

21   happening.  (*See* ¶¶ 138-220.)

22   **D.    The FAC Fails To State A Claim Under The ADA, RA, Or**

23       **Government Code Section 11135**

24   The FAC alleges violations of the ADA, RA and Government Code Section

25   11135 on behalf of an "ADA Subclass" of children "who are or will be in CFS's

26   custody and have physical, cognitive, and/or psychological disabilities."  (¶ 223 b).)

27   To plead a violation of the ADA, "a plaintiff must show: (1) he is a 'qualified

28   individual with a disability'; (2) he was either excluded from participation in or

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

638302.8

26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was **by reason of his disability**." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (emphasis added).[9]  These claims fail for several reasons.

First, Plaintiffs fail to allege, as they must, a "physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A). It is not enough to list diagnoses or generalized challenges; they must "plead adequate specific facts regarding how their impairments 'substantially limit[] one or more major life activities' in order for the Court to determine if Plaintiffs have plausibly alleged that they are disabled within the meaning of the ADA." *I.B.*, 2018 WL 6016290, at *7.  The FAC contains no such allegations.

Second, the ADA Subclass Plaintiffs do not claim to have been excluded from the foster care system or refused any services available to non-disabled children. The ADA, however, is concerned with "discriminatory denial of services," and a claim "must be dismissed if it instead concerns the 'adequacy' of the services provided." *Lane v. Kitzhaber*, 841 F. Supp. 2d 1199, 1207 (D. Or. 2012).  The FAC does not allege that disabled youth are treated differently than the rest of the named Plaintiffs or the class they purport to represent.  (*See generally* FAC.)

Third, the FAC fails to plead a policy or practice of discrimination.  "Where a plaintiff challenges a program's policy or practice of failing to remedy systemic barriers, . . . this type of [ADA] claim is more appropriately evaluated under the disparate impact framework[.]" *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 739

---

[9] The ADA and RA are "interpreted coextensively because 'there is no significant difference in the analysis of rights and obligations created by the two Acts.'" *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021).  The same is true for Government Code section 11135.  *Sharkey v. O'Neal*, 778 F.3d 767, 771 n.5 (9th Cir. 2015) (Section 11135 is the state analog to the ADA).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

(9th Cir. 2021).  Disparate impact requires a plaintiff to plead that a municipal "policy or practice has the 'effect of denying meaningful access to public services' to people with disabilities."  *Payan*, 11 F.4th at 738.

The ADA Subclass claims thus fail for the same reason as the rest.  They are a rehash of Plaintiffs' other generalized criticisms, with a tacked-on conclusion the County Defendants have failed to make reasonable modifications to avoid disproportionately harming children with disabilities.  (¶¶ 117-23, 261-81.)  It is not enough to "alleg[e] in conclusory fashion" that a municipality's conduct "has a discriminatory effect on people with disabilities."  *Eulitt v. City of San Diego*, 2021 WL 3779226, at *4 (S.D. Cal. July 29, 2021).  That is all the FAC does.

The ADA, RA, and Section 11135 claims should be dismissed.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the FAC for failure to state a claim.

DATED:  October 9, 2023          MILLER BARONDESS, LLP


By: _____

FARBOD S. MORIDANI
Attorneys for Defendants
SAN BERNARDINO COUNTY,
MEMBERS OF THE SAN
BERNARDINO BOARD OF
SUPERVISORS, SAN BERNARDINO
COUNTY CHILDREN AND FAMILY
SERVICES and JEANY ZEPEDA

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the County Defendants, certifies that this brief contains 6,937 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: October 9, 2023

_____
FARBOD S. MORIDANI

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

638302.8

29

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM