Rob Bonta
Attorney General of California
Benjamin G. Diehl
Supervising Deputy Attorney General
Jacquelyn Y. Young (SBN: 306094)
Andrew Z. Edelstein (SBN: 218023)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6219
 Fax:  (916) 731-2125
 E-mail:  Jacquelyn.Young@doj.ca.gov
*Attorneys for Governor Gavin Newsom*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY G., et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM et al.,**<br><br>Defendants. | Case No. 5:23-cv-00947-MEMF-BFMx<br><br>**GOVERNOR GAVIN NEWSOM'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**<br><br>Date:            10:00 a.m.<br>Time:           February 29, 2024<br>Courtroom:  8B<br>Judge:          The Hon. Maame Ewusi-Mensah Frimpong<br>Trial Date:   TBD<br>Action Filed: May 25, 2023 |

1

# INTRODUCTION

Plaintiffs agree with Governor Newsom (the Governor) that it is well established that a generalized duty to enforce state law or a general supervisory power will not subject the Governor to suit. *Compare* ECF No. 43 at 4 *with* ECF No. 56 at 10. For the reasons set forth in the Governor's Motion to Dismiss and below, this mandates the dismissal of Plaintiffs' claims against the Governor.

Other than this admission, which is fatal to their claims, Plaintiffs' opposition is inaccurate and ignores the Governor's arguments. Specifically: **(1)** The cases Plaintiffs cite do not stand for the proposition that courts routinely uphold claims against governors in the child welfare context—they largely do not address the issue; **(2)** Plaintiffs claim the First Amended Complaint (FAC) alleges specific facts about the Governor's knowledge and inaction, but the one paragraph to which Plaintiffs cite does not mention the Governor; **(3)** Plaintiffs claim that the Governor may be liable here because he appoints the Director of the Department of Social Services (CDSS), CDSS issues an annual fiscal report to him, and the Governor proposes the statewide budget to the Legislature; but if that were enough, then the Governor could be liable for most state action or inaction and Plaintiffs concede he is not; **(4)** Plaintiffs do not dispute or address the fact that they seek no relief from the Governor; and **(5)** Plaintiffs do not address or distinguish the authority the Governor cites supporting his dismissal.

For these reasons, the claims against the Governor should be dismissed.

# ARGUMENT

First, the cases Plaintiffs cite are irrelevant and Plaintiffs' citation to them is misleading. *See* ECF No. 56 at 11. The single case Plaintiffs cite in the body of their opposition, *Connor B. v. Patrick*, 771 F. Supp. 2d 142, 159 (D. Mass. 2011), is factually distinct because that case involved an executive order of the governor. *See id.* ("Significantly, [the Governor's] issuance of the executive order initially establishing the Office [of the Child Advocate] represents direct involvement in the

2

ongoing maintenance of the state child welfare system."). There is no similar allegation in this case and the rest of Plaintiffs' cases do not address the issue before this Court at all.[1] These "authorities" are precedent for only the fact that *these* attorneys sometimes sue governors and sometimes those governors do not seek dismissal.[2]

Second, Plaintiffs misrepresent their own complaint. Plaintiffs claim that the FAC "alleges Governor Newsom knew CFS was failing and did not take the necessary steps to protect San Bernardino County's foster children." ECF No. 56 at 11 (citing FAC ¶ 136). Paragraph 136, however, does not mention the Governor. Instead, it states, in full:

> The State Defendants are not taking the necessary steps to oversee and rein in CFS to protect foster children. They have long been aware of CFS's failures yet have not taken the necessary steps to correct these failures, which continue to harm the children in CFS's custody. The Grand Jury noted in 2022 that "CFS has no local accountability, which allows them to operate behind an air of confidentiality, [which makes] any accountability for their actions [] extremely difficult.

ECF No. 34, ¶ 136. Having failed to specifically identify, or plead any conduct by, the Governor, this paragraph falls short of pleading facts that if true would establish his personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2005 (complaint

---

[1] *Jonathan R. v. Justice*, 41 F.4th 316, 320 (4th Cir. 2022) (does not address viability of claim against governor); *M.D. v. Abbott*, 907 F.3d 237, 247 (5th Cir. 2018) (same); *Sam M.*, 608 F.3d 77, 82 (same); *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 374 (2d Cir. 1997) (same); *Juan F. by & Through Lynch v. Weicker*, 37 F.3d 874, 876 (2d Cir. 1994) (same); *Wyatt B.*, 2021 U.S. Dist. LEXIS 184389, at *4 (D. Or. Sept. 27, 2021) (same); *D.G. v. Henry*, 2011 U.S. Dist. LEXIS 38709, at *2 (N.D. Okla. Apr. 8, 2011) (same); *Dwayne B.*, 2007 U.S. Dist. LEXIS 28265, at *2 (E. D. Mich. Aor. 17, 2007) (same); *Olivia Y. v. Barbour*, 351 F. Supp. 2d 543, 546 (S.D. Miss. 2004) (same); *Kenny A. v. Perdue*, 218 F.R.D. 277, 284 (N.D. Ga. Aug. 18, 2003) (same); *Brian A. by Brooks v. Sundquist*, 149 F. Supp. 2d 941, 944 (M.D. Tenn. 2000) (same); *Charlie H. v. Whitman*, 83 F. Supp. 2d 476, 515 (D.N.J. 2000) (same).

[2] In almost all of the cases Plaintiffs cite, their attorney in this case is counsel of record.

must contain sufficient factual matter, accepted as true, to plausibly allow the reasonable inference that the defendant is liable for the misconduct alleged).

Third, Plaintiffs' claim that this case falls outside the general rule that the Governor is not liable for claims predicated on his general supervisory and enforcement powers because (a) CDSS reports to the Governor; (b) the Governor appoints the Director of CDSS; and (c) the Governor proposes the statewide budget. ECF No. 56 at 11. If that were enough (and it is not), then the exception would swallow the rule. *See* ECF No. 43 at 5. The Director of CDSS is far from the only appointed official who reports to the Governor. *See, e.g.,* Cal. Bus. & Prof. C. §§151, 312 (Director of Consumer Affairs holds office at the Governor's pleasure and issues annual report to Governor). The Governor appoints hundreds of state agency secretaries and directors of state departments and makes thousands of other appointments.[3] And the state budget covers every state agency and department and countless other expenditures.[4]

Fourth, Plaintiffs do not dispute and do not address the fact that they seek no injunctive relief from the Governor and none of the declaratory relief they seek relates to actions taken by him. *Compare* ECF No. 43 at 5 *with* ECF No. 56 at 11.

Fifth, and finally, Plaintiffs ignore and do not distinguish the ample authority cited throughout the Governor's motion supporting the dismissal of this lawsuit against him. *Compare* ECF No. 43 at 5-6 *with* ECF No. 56 at 11.

## CONCLUSION

For all the foregoing reasons, the Governor respectfully requests that the Court dismiss him from this action with prejudice.

---

[3] *See* https://www.calhr.ca.gov/state-hr-professionals/Pages/appointed-state-officials.aspx (last visited January 16, 2024); https://www.gov.ca.gov/board-commission-appointees/ (last visited January 16, 2024).

[4] *See* https://ebudget.ca.gov/budget/2023-24EN/#/Home (last visited January 16, 2024).

| | | |
|---|---|---|
| 1 | Dated: January 16, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | BENJAMIN G. DIEHL<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | */s/ Jacquelyn Young* |
| 6 | | JACQUELYN Y. YOUNG<br>ANDREW Z. EDELSTEIN |
| 7 | | Deputy Attorneys General<br>*Attorneys for Governor Gavin Newsom* |
| 8 | | |
| 10 | LA2023601937 | |

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Governor Gavin Newsom, certifies that this brief contains 877 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order.

Dated: January 16, 2024                    Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ Jacquelyn Young

JACQUELYN Y. YOUNG
ANDREW Z. EDELSTEIN
Deputy Attorneys General
*Attorneys for CDSS Defendants*

# CERTIFICATE OF SERVICE

| Case Name: | **Gary G., et al. v. Gavin Newsom, et al.** | No. | **5:23-cv-00947 MEMF (BFMx)** |
|---|---|---|---|

I hereby certify that on <u>January 16, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**GOVERNOR GAVIN NEWSOM'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 16, 2024</u>, at Los Angeles, California.

| Anthony Conklin | *Anthony Conklin* |
|---|---|
| Declarant | Signature |

LA2023601937
66505689.docx