LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
FARBOD S. MORIDANI (State Bar No. 251893)
fmoridani@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
SAN BERNARDINO COUNTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| GARY G., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>Defendants. | **Case No. 5:23-cv-00947-MEMF-BFM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN BERNARDINO COUNTY'S MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Assigned to the Hon. Maame Ewusi-Mensah Frimpong, Crtrm. 8B<br><br>Action Filed:  May 25, 2023<br>FAC Filed:     August 14, 2023<br>Trial Date:    None Set<br><br>Hearing:  December 5, 2024 at 10:00 a.m. |

697949.2

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 6

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................... 7

    A. This Lawsuit .................................................................................................. 7

    B. The Motion to Dismiss for Lack of Subject Matter Jurisdiction .................. 8

III. LEGAL STANDARD ................................................................................................ 9

IV. THE ORDER SHOULD BE CERTIFIED FOR IMMEDIATE APPEAL ............. 10

    A. *Younger* Abstention Involves a Controlling Question of Law ................... 10

    B. There Are Substantial Grounds for Difference of Opinion ....................... 11

    C. Immediate Appeal Will Advance the Ultimate Termination of the Action ............. 14

    D. Ninth Circuit Guidance Could Avoid Years of Costly Litigation ............. 15

V. CONCLUSION ......................................................................................................... 15

697949.2

2

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*31 Foster Children v. Bush*,
 329 F.3d 1255 (11th Cir. 2003) .................................................................... 9, 12

*A.A. by Carroll v. Buckner*,
 2021 WL 5042466 (M.D. Ala. Oct. 29, 2021) ................................................. 13

*A.B. by Wilson v. Holcomb*,
 2024 WL 2846363 (N.D. Ind. June 5, 2024) .................................................... 13

*Aiona v. Judiciary of State of Haw.*,
 17 F.3d 1244 (9th Cir. 1994) ............................................................................ 14

*Alleghany Corp. v. Eakin*,
 712 F. Supp. 716 (S.D. Ind. 1989) ................................................................... 15

*Ashley W. v. Holcomb*,
 2021 WL 5121146 (S.D. Ind. Sept. 29, 2021) .................................. 7, 11, 14, 15

*Ashley W. v. Holcomb*,
 34 F.4th 588 (7th Cir. 2022) .......................................................................... 9, 12

*Canatella v. California*,
 404 F.3d 1106 (9th Cir. 2005) .......................................................................... 10

*Commc'ns Telesys. Int'l v. Cal. Public Utility Comm'n*,
 196 F.3d 1011 (9th Cir. 1999) .......................................................................... 10

*Couch v. Telescope Inc.*,
 611 F.3d 629 (9th Cir. 2010) ............................................................................ 11

*Dababnah v. W. Va. Bd. of Med.*,
 57 F. Supp. 2d 355 (S.D. W. Va. 1999) ........................................................... 15

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
 921 F. Supp. 2d 1059 (D. Haw. 2013) ............................................................. 14

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
 22 F.4th 1125 (9th Cir. 2022) ........................................................................... 11

*In re Cement Antitrust Litig.*,
 673 F.2d 1020 (9th Cir. 1981) ..................................................................... 10, 15

*Jeremiah M. v. Crum*,
 695 F. Supp. 3d 1060 (D. Alaska 2023) ..................................................... passim

*Jonathan R. by Dixon v. Justice*,
 41 F.4th 316 (4th Cir. 2022) ........................................................................... 9, 12

697949.2

3

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*Joseph A. ex rel. Wolfe v. Ingram*,
    275 F.3d 1253 (10th Cir. 2002) .................................................................................... 9, 12

*Kuehner v. Dickinson & Co.*,
    84 F.3d 316 (9th Cir. 1996) ....................................................................................... 10, 15

*Laurie Q. v. Contra Costa County*,
    304 F. Supp. 2d 1185 (N.D. Cal. 2004) ............................................................................ 8

*Meeker v. Belridge Water Storage Dist.*,
    2007 WL 781889 (E.D. Cal. Mar. 13, 2007) ................................................................. 14

*Minn. Living Assistance, Inc. v. Peterson*,
    899 F.3d 548 (8th Cir. 2018) .......................................................................................... 10

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) .......................................................................................................... 9

*Moore v. Sims*,
    442 U.S. 415 (1979) .................................................................................................. 9, 12

*Nicole K. v. Stigdon*,
    2020 WL 1042619 (S.D. Ind. Mar. 3, 2020) ................................................................. 13

*Ocean S. v. Los Angeles County*,
    2024 WL 3973047 (C.D. Cal. June 11, 2024) ............................................................... 12

*Oglala Sioux Tribe v. Fleming*,
    904 F.3d 603 (8th Cir. 2018) .......................................................................................... 13

*Omni MedSci, Inc. v. Apple, Inc.*,
    2020 WL 759514 (N.D. Cal. Feb. 14, 2020) ................................................................. 14

*Ray v. Cal. Dep't Soc. Servs.*,
    2017 WL 10436062 (C.D. Cal. Nov. 30, 2017) ............................................................. 11

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ............................................................................................ 9

*Sprint Commc'ns, Inc. v. Jacobs*,
    571 U.S. 69 (2013) .......................................................................................................... 12

*Swint v. Chambers Cnty. Comm'n*,
    514 U.S. 35 (1995) ............................................................................................................ 9

*Tindall v. Wayne Cnty. Friend of Ct.*,
    269 F.3d 533 (6th Cir. 2001) .......................................................................................... 10

*Tinsley v. McKay*,
    156 F. Supp. 3d 1024 (D. Ariz. 2015) ........................................................................... 12

*Ward v. Palmer*,
    2022 WL 2905067 (N.D. Cal. July 22, 2022) ............................................................... 14

697949.2

4

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*Williams v. Alameda County*,
    657 F. Supp. 3d 1250 (N.D. Cal. 2023) .................................................................... 11

*Younger v. Harris*,
    401 U.S. 37 (1971) ...................................................................................................... 6

**STATE CASES**

*In re Ashley M.*,
    114 Cal. App. 4th 1 (2003) ......................................................................................... 8

*In re Shirley K.*,
    140 Cal. App. 4th 65 (2006) ....................................................................................... 8

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ............................................................................................................ passim

**STATE STATUTES**

Cal. Welf. & Inst. Code § 317 ................................................................................................. 8

Cal. Welf. & Inst. Code § 362(a) ............................................................................................ 8

Cal. Welf. & Inst. Code § 366(a)(1)(A) .................................................................................. 8

Cal. Welf. & Inst. Code § 366(a)(1)(B) .................................................................................. 8

**SECONDARY SOURCES**

16 Edward H. Cooper, *Federal Practice and Procedure* (3d ed. June 2024 Update) .................... 10

David Marcus, *Groups and Rights in Institutional Reform Litigation*,
    97 Notre Dame L. Rev. 619 (2022) .......................................................................... 14

697949.2

5

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

San Bernardino County (the "County") hereby respectfully moves for an order certifying for immediate appeal this Court's Order Granting in Part Defendants' Motion to Dismiss (Dkt. No. 78 (the "Order")) to the extent the Order declined to abstain from hearing this action under *Younger v. Harris*, 401 U.S. 37 (1971).[1]

## I.   INTRODUCTION

The Ninth Circuit eventually will consider whether the *Younger* abstention doctrine required dismissal of this action. The only question is whether it will do so before or after the County redirects millions of taxpayer dollars and thousands of personnel hours to litigation defense—resources that would otherwise be used to care for the foster children whose interests Plaintiffs purport to represent. *Younger* abstention, if applicable, is a mandatory doctrine requiring dismissal. Its application here is a foundational question deserving of immediate Ninth Circuit review.

Congress has provided an avenue for such review. Interlocutory appeal is appropriate where the trial court finds that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). That test is clearly satisfied here.

First, *Younger* abstention inherently presents a question of law. And that legal question is "controlling" because its resolution could materially affect the outcome of this litigation. *Younger* abstention is mandatory, requiring dismissal if it applies. Dismissal clearly would materially affect the outcome of this lawsuit.

Second, there is "substantial ground for difference of opinion" as to whether *Younger* abstention applies here. This Court itself has acknowledged a circuit split on the issue. The Ninth Circuit has yet to rule on the question. And, multiple other trial courts have certified the same issue for immediate interlocutory appeal.

---

[1] The Order dismissed the San Bernardino County Board of Supervisors, San Bernardino County Children and Family Services and Jeany Zepeda "from the entire case WITH LEAVE TO AMEND." (Dkt. 78 at 29.) On October 10, 2024, counsel for Plaintiffs confirmed in writing that Plaintiffs will not amend their complaint. Accordingly, this motion is brought on behalf on the sole remaining County Defendant—San Bernardino County.

Third, because *Younger* abstention requires dismissal, immediate appeal of this Court's ruling would "materially advance the ultimate termination of the litigation."

Multiple district courts have already certified the very question here, i.e. whether *Younger* applies to federal lawsuits seeking to reform, restructure, and monitor state child-welfare systems. *Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1109-10 (D. Alaska 2023) (certifying order *sua sponte* because "reasonable jurists could reach, and have reached, contradictory conclusions" on the application of *Younger* to foster care class action); *Ashley W. v. Holcomb*, 2021 WL 5121146, at *4 (S.D. Ind. Sept. 29, 2021) (*Ashley I*) (certifying appeal, noting courts "are split as to whether *Younger* applies," and "there are decisions that lend support to both parties' positions").

This important, undecided jurisdictional issue is deserving of immediate Ninth Circuit review. Plaintiffs, Defendants, and this Court would all benefit from clarity as to whether this action is properly in federal court. No one will benefit from withholding review until after trial. Each of the requirements for certification of appeal is satisfied. The Motion should be granted.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.   This Lawsuit

Plaintiffs are eleven foster children who, through a group of alleged "next friends," seek to reform the San Bernardino County foster care system via federal injunction. They lodge three core criticisms of the County foster care system: (1) <u>Case Plans</u>: failure to develop, regularly update, individualize, or effectively implement case plans (¶¶ 67-78)[2]; (2) <u>Placements</u>: failure to provide adequate, properly-vetted, safe and monitored foster care and permanent placements (¶¶ 62-66, 79-85, 94-106); and (3) <u>Services</u>: failure to provide necessary medical, dental, and mental health assessments and services, and reunification services (¶¶ 86-93, 117-23).

Every foster child in the County has a pending dependency proceeding before the County juvenile court. It is undisputed that "ultimate responsibility for the well-being of a dependent child rests with the juvenile court." *In re Shirley K.*, 140 Cal. App. 4th 65, 73 (2006). It is undisputed that juvenile courts have "sweeping power to address nearly any type of deficiency in the care of a

---

[2] Unless otherwise stated, citations to (¶ __) herein are to the FAC (Dkt. No. 34).

minor and order nearly any type of relief." *Laurie Q. v. Contra Costa County*, 304 F. Supp. 2d 1185, 1206 (N.D. Cal. 2004); Cal. Welf. & Inst. Code § 362(a) (juvenile courts "may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child"). And, it is undisputed that juvenile courts are responsible for the very subject matter at issue in this lawsuit: they supervise and enforce the implementation of case plans, Cal. Welf. & Inst. Code § 366(a)(1)(B); they review and approve placements, *id.* § 366(a)(1)(A); and they determine and ensure delivery of necessary services, *In re Ashley M.*, 114 Cal. App. 4th 1, 7 (2003). Moreover, every foster child is represented by counsel who are "charged in general with the representation of the child's interests" and must "report to the court" if the child has interests that "may need to be protected by the institution of other administrative or judicial proceedings." Cal. Welf. & Inst. Code § 317(e)(1), (3).

No Plaintiff alleges that the juvenile court is unable or unwilling to remedy the alleged deficiencies as to their individual case plans, placements, or services. No Plaintiff alleges that their alleged individual injuries have been identified to, but not addressed by, the juvenile court. No Plaintiff contends that their individual concerns cannot be heard by the juvenile court. And no Plaintiff alleges that existing state court processes, review, or remedies violate their federal statutory or constitutional rights.

### B. The Motion to Dismiss for Lack of Subject Matter Jurisdiction

On October 9, 2023, the County Defendants moved to dismiss this action for lack of subject matter jurisdiction. (Dkt. 44 (the "Motion").) The Motion asserted three grounds for dismissal. First, that Plaintiffs' claims were not redressable by federal injunction. (*Id.* at 11-16.) Second, that the Court should abstain under *Younger* in light of the "strong federal policy against federal-court interference with pending state judicial proceedings." (*Id.* at 16-25.) Third, that the claims are barred by the Rooker-Feldman doctrine. (*Id.* at 25-26.) Plaintiffs opposed. (Dkt. No. 53.)

On September 30, 2024, this Court denied the Motion, finding with respect to *Younger* abstention that ongoing juvenile dependency proceedings were not "quasi-criminal" in nature and thus did not fall within the category of civil actions covered by *Younger*. (Order at 9-11.) Further, the Court found that the U.S. Supreme Court's ruling in *Moore v. Sims*, 442 U.S. 415 (1979) did not

control because it was "decided well before *Sprint*" and "the basis for abstention in *Moore* was that the proceedings involved the state's initial and temporary removal of the child" rather than the "ongoing dependency proceedings" at issue in this action. (Order at 11.)

The Court acknowledged that "circuits have taken diverging approaches" on this issue, but concluded that the Fourth Circuit's ruling in *Jonathan R. by Dixon v. Justice*, 41 F.4th 316 (4th Cir. 2022) better "aligns with the scope of *Younger* abstention as set forth by the Supreme Court." (*Id.* at 12.) The court distinguished the Tenth and Eleventh Circuit opinions in *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) and *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) on the grounds that they were "decided prior to *Sprint*, and relied on a pure application of the *Middlesex* factors." (Order at 12 n.9.) As to *Ashley W. v. Holcomb*, 34 F.4th 588 (7th Cir. 2022) (*Ashley II*), the Court found the Seventh Circuit "did not address this question of initial removal versus ongoing dependency proceedings," instead "focusing primarily on the inadequacy of the district court's reasons for failing to apply *Younger*." (Order at 12 n.9.) The Court thus declined to abstain. (*See id.*)

### III. LEGAL STANDARD

Interlocutory appeal of an order is proper if the Court finds there is "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-68 (9th Cir. 2011). The U.S. Supreme Court has underscored that discretionary review mechanisms, including Section 1292(b), are "useful safety valves" when a ruling "involves a new legal question or is of special consequence," noting "district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995) (purpose of § 1292(b) is to provide "immediate appeal [of] interlocutory orders deemed pivotal and debatable").

"The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling." 16 Edward H. Cooper,

*Federal Practice and Procedure* § 3930 (3d ed. June 2024 Update); *see also* § 3929 (A "flexible approach to § 1292(b) is far superior to blind adherence to a supposed need to construe strictly any permission to depart from the final-judgment rule," and immediate appeal "is not limited … to 'exceptional' cases").

### IV. THE ORDER SHOULD BE CERTIFIED FOR IMMEDIATE APPEAL

The Order's ruling on *Younger* abstention presents a controlling question of law as to which there are substantial grounds for difference of opinion. Further, reversal of the Order on appeal would immediately end this action. Accordingly, the Order satisfies all three requirements for Section 1292(b) certification.

#### A. *Younger* Abstention Involves a Controlling Question of Law

A question of law is "controlling" if its resolution on appeal "***could*** materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) ("*Cement*") (emphasis added); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (controlling question of law where delaying resolution "could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter"). That clearly applies here.

*Younger* abstention is inherently a question of law. *See, e.g.*, *Commc'ns Telesys. Int'l v. Cal. Public Utility Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999) ("We review a decision to abstain under *Younger* as a question of law."); *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018) (same); *Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 538 (6th Cir. 2001) (same). And it is controlling. *Younger* is a "mandatory doctrine[]" that, if applicable, compels dismissal. *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005); *Ashley II*, 34 F.4th 588 (*Younger* required dismissal of foster care class action). Clearly, dismissal would "materially affect the outcome of litigation." *Cement*, 673 F.2d at 1026.

Multiple courts have found *Younger* abstention to be a controlling question of law in the foster care context. *See, e.g.*, *Crum*, 695 F. Supp. 3d at 1109 (*Younger* abstention was controlling question of law because "whether ongoing child custody proceedings are the type of proceedings to which *Younger* applies would materially affect the outcome of this case"); *Ashley I*, 2021 WL

5121146, at *3-4 ("application of *Younger* abstention to Plaintiffs' amended complaint" "is a legal question" and "is controlling").  This Court should do the same.

### B.  There Are Substantial Grounds for Difference of Opinion

There is a "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), as to whether the *Younger* abstention doctrine bars a putative federal class action involving foster care.  The second requirement for certification is satisfied.

"Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . …'"  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Reese*, 643 F.3d at 688 ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution . …"); *Williams v. Alameda County*, 657 F. Supp. 3d 1250, 1256 (N.D. Cal. 2023) ("[W]here the controlling law is not entirely clear, there is a circuit split, and the Ninth Circuit has yet to weight in—there are substantial grounds for difference of opinion on a question of law."); *Ray v. Cal. Dep't Soc. Servs.*, 2017 WL 10436062, at *3 (C.D. Cal. Nov. 30, 2017) (identification of "conflicting and contradictory opinions would provide substantial ground of disagreement").

Although a split among other circuits is sufficient, it is not necessary.  In the Ninth Circuit, where "legal issues are presented, on which fair-minded jurists *might* reach contradictory conclusions," the matter "may be certified for interlocutory appeal without first awaiting development of contradictory precedent."  *Reese*, 643 F.3d at 688 (emphasis added).  Thus, substantial grounds for difference of opinion may exist even if "there are no cases directly conflicting with the district court's construction of the law."  *Id.*; *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130-31 (9th Cir. 2022) (absence of contradictory opinions not impediment to certification of appeal).  Here, there are such cases.

More than 40 years ago, the U.S. Supreme Court ruled in *Moore* that the *Younger* abstention doctrine requires dismissal of federal actions involving foster care when there are ongoing state court dependency proceedings involving suspected abuse of children.  *See Moore*, 442 U.S. at 423.  Since then, a clear circuit split has arisen as to the scope and impact of *Moore*.

697949.2

11

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The majority of Courts of Appeal who have reached the issue have found that *Moore* requires federal courts to abstain from ***any*** federal action seeking to bring about foster care reform based on matters that fall within the purview of state dependency courts. The Seventh, Tenth, and Eleventh Circuits are in that camp, and have squarely held that *Younger* requires abstention regardless of what part of the dependency process is at issue. *See, e.g.*, *Ashley II*, 34 F.4th at 594 (*Younger* applied to action seeking to reform foster care system); *31 Foster Children*, 329 F.3d at 1279-82 (same); *Joseph A.*, 275 F.3d at 1272, 1274 (same).

On the other side of the equation, the Fourth Circuit and several trial courts (including this Court) have held that *Younger* abstention and *Moore* are limited to the initial act of removing the child from the home, and do not apply to challenges to the rest of the dependency proceeding. *See, e.g.*, Order at 11; *Jonathan R.*, 41 F.4th at 327-29; *Tinsley v. McKay*, 156 F. Supp. 3d 1024, 1034 (D. Ariz. 2015); *Crum*, 695 F. Supp. 3d at 1078; *Ocean S. v. Los Angeles County*, 2024 WL 3973047 (C.D. Cal. June 11, 2024). The Ninth Circuit has not ruled on the issue.

There has also arisen a split among courts as to a second core issue: the impact of *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013) on *Younger* abstention and whether pre-*Sprint* opinions—including the Supreme Court's own opinions—remain good law. *See, e.g.*, *Crum*, 695 F. Supp. 3d at 1077 ("Post-*Sprint*, there is a circuit split regarding *Moore's* reach. The Ninth Circuit has not yet lent its voice to this debate.").

In *Sprint*, the Supreme Court ruled that *Younger* abstention applies only to three types of proceedings: (1) "ongoing state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. at 78. Whether that ruling altered abstention jurisprudence at all is a matter of debate.

Some courts view *Sprint* as a "winnowing" of *Younger* abstention such that pre-*Sprint* case law is "of limited assistance" in deciding applicability of the doctrine to current foster care cases. *See, e.g.*, *Crum*, 695 F. Supp. 3d at 1077 n.61, 1110; Order at 11, 12 n.9. Others have found that "*Sprint* is not the narrowing that Plaintiffs imagine" because it "merely held that *Younger* abstention is limited to the categories identified by the Court … thirty years ago"—something many courts

already were doing. *Nicole K. v. Stigdon*, 2020 WL 1042619, at *2 (S.D. Ind. Mar. 3, 2020); *Lewis v. Diaz-Petti*, 2019 WL 1856794, at *4 (D.N.J. Apr. 25, 2019) (*Sprint* "has not further narrowed or undercut the *Younger* doctrine' but, rather, "reaffirms the viability of the *Younger* doctrine in the factual circumstances already recognized by the Supreme Court").

Indeed, multiple district courts have expressly relied on pre-*Sprint* authority in abstaining from foster care litigation under *Younger*. *See, e.g.*, *A.A. by Carroll v. Buckner*, 2021 WL 5042466, at *6 (M.D. Ala. Oct. 29, 2021) (Eleventh Circuit's ruling in *31 Foster Children* that *Younger* abstention bars foster care class action remains good law after *Sprint*, as it applied the threshold analysis that *Sprint* requires); *A.B. by Wilson v. Holcomb*, 2024 WL 2846363, at *7 (N.D. Ind. June 5, 2024) (relying on pre-*Sprint* Tenth and Eleventh Circuit opinions as support for decision to abstain from foster care lawsuit); *see also Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) ("*Sprint* cited *Moore* with approval[.]").[3] Here too, the Ninth Circuit has not spoken.

There are clearly "substantial ground[s] for difference of opinion" on this issue. 28 U.S.C. § 1292(b). Groups of both appellate and trial courts have reached contradictory and irreconcilable outcomes on the exact same question. This Court itself has acknowledged that "circuits have taken diverging approaches." (Order at 11-12.) Other trial courts have found there is substantial ground for difference of opinion as to applicability of *Younger* abstention in the foster care context. *See, e.g.*, *Crum*, 695 F. Supp. 3d at 1109 ("reasonable jurists could reach, and have reached, contradictory conclusions" on the application of *Younger* to ongoing child custody proceedings); *Ashley I*, 2021 WL 5121146, at *4 (courts "are split as to whether *Younger* applies"); *see also* David Marcus, *Groups and Rights in Institutional Reform Litigation*, 97 Notre Dame L. Rev. 619, 672

---

[3] Courts even disagree about the contents of the Court of Appeal opinions addressing *Younger* abstention in the context of foster care. For example, this Court found that in *31 Foster Children*, the Eleventh Circuit failed to apply the *Sprint* categories and "relied on a pure application of the *Middlesex* factors." (Order at 12 n.9.) District courts within the Eleventh Circuit have read the case differently. *See, e.g.*, *Buckner*, 2021 WL 5042466, at *6 (rejecting argument "that the *31 Foster Children* court applied the *Middlesex* factors without first deciding whether the case fell within the scope of *Younger*" because *Sprint* "is not the first case to describe the *Younger* abstention categories" and "upon close review of the *31 Foster Children* opinion, it appears that the issue of whether the case fell within the scope of *Younger* was considered by the court").

1  (2022) ("*Younger* motions have left a mess of contradictory decisions for foster care reform litigation"). This Court should do the same.

### C. Immediate Appeal Will Advance the Ultimate Termination of the Action

Immediate appeal also would advance the ultimate termination of the action.

"The third requirement … that the appeal must be likely to materially speed the termination of the litigation—is closely linked to the question of whether an issue of law is 'controlling,' because the district court should consider the effect of a reversal on the management of the case." *Meeker v. Belridge Water Storage Dist.*, 2007 WL 781889, at *6 (E.D. Cal. Mar. 13, 2007). Where, as here, resolution of a controlling question of law in favor of the appellant would result in dismissal of a case, immediate appeal necessarily advances the termination of the litigation. *Omni MedSci, Inc. v. Apple, Inc.*, 2020 WL 759514, at *2 (N.D. Cal. Feb. 14, 2020) (where appellant's success on appeal would result in the dismissal of a case, it materially advances the ultimate termination of the litigation); *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1067-68 (D. Haw. 2013) (material advancement criteria "is directed to the very purpose of § 1292(b)—to 'facilitate disposition of the action by getting a final decision on a controlling legal issue sooner'").

*Younger* abstention, if applicable, requires dismissal. *See, e.g.*, *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994) (if *Younger* applies, "then 'a district court must dismiss the federal action … [and] there is no discretion to grant injunctive relief'"); *Ward v. Palmer*, 2022 WL 2905067, *3 (N.D. Cal. July 22, 2022) (where "the elements of the *Younger* doctrine are met, the Court has no choice but to dismiss the action"); *Ashley I*, 2021 WL 5121146, at *3-4 (if "*Younger* abstention is appropriate, then Plaintiffs' complaint must be dismissed" and "the litigation is over"). As such, courts routinely certify for appeal questions implicating the doctrine, as doing so would advance termination of the lawsuit. *See, e.g.*, *Dababnah v. W. Va. Bd. of Med.*, 57 F. Supp. 2d 355, 356 (S.D. W. Va. 1999) (certifying order denying dismissal based on *Younger* and *Rooker-Feldman* abstention); *Alleghany Corp. v. Eakin*, 712 F. Supp. 716, 722-23 (S.D. Ind. 1989) (certifying order denying dismissal based on *Younger* and *Burford* abstention).

This is equally true in the case of foster care class actions. *See, e.g.*, *Crum*, 695 F. Supp. 3d at 1110 (third prong satisfied because "[s]hould the Ninth Circuit reverse this Court and find that

*Younger* applies in this [foster care] case, that decision would terminate the litigation"); *Ashley I*, 2021 WL 5121146 at *4 (same). The Motion should be granted.

### D. Ninth Circuit Guidance Could Avoid Years of Costly Litigation

The Ninth Circuit eventually will rule on whether *Younger* abstention required dismissal of this action. There is absolutely no benefit—not to Plaintiffs, not to the putative class they want to represent, not to Defendants, not to this Court, and not to the public—of withholding appellate review of this foundational, jurisdictional question in favor of post-trial review years from now. Institutional foster care litigation can last for decades and cost hundreds of millions of dollars over its life. Caseworkers, who Plaintiffs allege already "carry dangerously high caseloads" (FAC at 28), will have to devote their already-limited time and energy to protracted and burdensome litigation. Absent immediate appellate review, the County, and ultimately, taxpayers, are facing an expenditure in the many millions on a lawsuit that the Ninth Circuit might very well ultimately rule should never have happened.

The Ninth Circuit has made clear that an interlocutory appeal is justified if the order at issue, left unreviewed, "could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner*, 84 F.3d at 319. Indeed, the quintessential scenario justifying immediate review is where "allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement*, 673 F.2d at 1026. That concern clearly applies here.

Every participant in this lawsuit will benefit from immediate review, win or lose. If the Order is affirmed, the decision will inject much-needed clarity in the Ninth Circuit. If the Order is reversed, then millions of dollars in public funds will not have been wasted, CFS personnel will be able to focus on protecting children instead of litigation, and Plaintiffs will still be able to secure relief from the dependency court for every single deficiency they allege with respect to their care. There is simply no downside to inviting the Ninth Circuit to weigh in now. To the contrary, it is critical that it does.

### V. CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court certify the Order for immediate appeal with respect to *Younger* abstention under 28 U.S.C. § 1292(b).

DATED: October 11, 2024

MILLER BARONDESS, LLP

By: _____
FARBOD S. MORIDANI
Attorneys for Defendants
SAN BERNARDINO COUNTY

697949.2

16

MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION