UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARY G., et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>                Defendants. | Case No. 5:23-cv-00947-MEMF-BFM<br><br>**ORDER DENYING MOTION TO CERTIFY FOR APPEAL [ECF NO. 80]** |

    Before the Court is Defendant San Bernardino County's Motion to Certify for Immediate Appeal. ECF No. 80. For the reasons stated herein, the Court DENIES the Motion.

/ / /

/ / /

1

I.  **Background**

The relevant factual background to this case is laid out in the Court's prior Order Granting in Part Defendants' Motion to Dismiss, where the Court denied Defendant San Bernardino County's (the "County") motion to dismiss on the basis of subject matter jurisdiction. ECF No. 78 ("MTD Order"). On October 11, 2024, the County moved to certify the issue for appeal. ECF No. 80 (the "Motion"). On January 7, 2025, Plaintiffs filed their opposition. ECF No. 94 ("Opposition"). On January 14, 2025, the County filed its reply. ECF No. 98 ("Reply").

II.  **Applicable Law**

A district court may certify an order for interlocutory appeal when the certification requirements of 28 U.S.C. § 1292(b) have been met—namely "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id*. Indeed, § 1292(b) embodies a "narrow exception to the final judgment rule." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party pursuing the interlocutory appeal bears the burden of demonstrating that the requirements established by § 1292(b) are satisfied. *Id*.

III.  **Discussion**

The County previously moved to dismiss for lack of subject matter jurisdiction, in part arguing that the Court should abstain from hearing this action under *Younger v. Harris*, 401 U.S. 37 (1971).[1] *See* ECF No. 44-1 ("MTD"). In *Sprint Commc'ns, Inc. v. Jacobs*, the Supreme Court explained that there are three "exceptional circumstances" that "justify a federal court's refusal to decide a case in deference" to: (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) pending civil proceedings involving certain orders "uniquely in furtherance of

---

[1] The County also contended that Plaintiffs' claims are not redressable by federal injunction, and that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction. The Motion does not concern the Court's ruling on these other grounds.

1 the state courts' ability to perform their judicial functions." 571 U.S. 69, 78 (2013). Where there is
2 such an exceptional case, courts should still analyze additional factors[2] to determine whether
3 abstention is appropriate. *Id.* at 81 (explaining that the *Middlesex* factors are not "dispositive" but
4 rather "*additional* factors appropriately considered . . . before invoking *Younger*"). While the County
5 contended that Plaintiffs' ongoing dependency proceedings in state court fall under the second
6 category of civil enforcement proceedings, the Court found that they did not—and accordingly, there
7 was no basis to abstain under *Younger*. MTD Order at 12. As explained next, the Court finds that
8 while there is a controlling question of law at issue, there are no substantial grounds for difference of
9 opinion under Ninth Circuit law.

### A. There is a Controlling Question of Law at Issue

First, the Court finds that the issue the County seeks certification of is a question of law. Although Plaintiffs dispute that the question of *Younger* abstention is a "pure" question of law, they cite no binding authority that states that only "pure" questions of law, as opposed to mixed questions of law and fact, can be certified for appeal. Opposition at 7–8.[3] Regardless, even if there were hypothetical scenarios that could make the abstention analysis fact-intensive, here, the Court did not rely on any factual basis in making its finding—rather, its analysis focused on the applicable case law. *See* MTD Order at 11–12; *cf. ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132 (9th Cir. 2022) (finding the dispute a question of fact where "the district court primarily relied on facts from the record"). Significantly, the issue of abstention is consistently reviewed *de*

---

[2] In particular, abstention is appropriate where (1) "there is an ongoing state judicial proceeding," (2) "those proceedings implicate important state interests," (3) "there is adequate opportunity in the state proceedings to raise constitutional challenges," and (4) the "requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). These factors are known as the *Middlesex* factors. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

[3] Plaintiffs cite to a district court case, *TCL Communs. Tech. Holdings, Ltd. v. Telefonaktenbologet LM Ericsson*, for this proposition. 2014 WL 12588293 (C.D. Cal. Sept. 30, 2014). However, this language actually appears to stem from a Seventh Circuit Case, where the court explained that a "pure question of law" was "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). The Seventh Circuit did not say mixed questions of fact and law could never be certified, but merely distinguished between an "abstract legal issue" and the "issue of whether summary judgment should be granted." *Id.* at 677.

*novo* as a question of law on appeals, even in contexts where the Ninth Circuit has decided there is a mixed question of fact and law. *See Commc'ns Telesystems Int'l v. Cal. Public Utility Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999) ("We review a decision to abstain under *Younger* as a question of law."); *Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir. 1986) (noting that while the abstention inquiry, including the actual application of the *Middlesex* factors, "is a mixed question of fact and law . . . we review de novo a district court's refusal to abstain under *Younger*"). Accordingly, the Court finds the issue to be a question of law.

The Court also finds that this question of law is controlling. The Ninth Circuit has explained that "all that must be shown in order for a question to be 'controlling' is that resolution of the appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. A question of jurisdiction undoubtedly materially affects the outcome of this litigation, as the lack thereof precludes the Court from hearing the case in its entirety. *See id.* at 1026–27 (noting that a question of privilege "involves nothing as fundamental as the determination as . . . whether a court . . . has jurisdiction"). Therefore, the Court finds the first requirement of certification met.

**B.  The Court Does Not Find a Substantial Grounds for Difference of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . .'" *Id.* The Court acknowledged in its prior ruling that there was a circuit split on "whether *Younger* abstention applies in the context of ongoing dependency proceedings" and that the Ninth Circuit has not spoken on this issue. MTD Order at 11–12. However, the Court does not find that the circuit split alone provides substantial grounds for a difference of opinion when considering the existing Ninth Circuit precedent.[4]

---

[4] Although the County contends that "[t]wo district judges within the Ninth Circuit have found that reasonable jurists could reach different conclusions on this exact issue," it is worth noting that these judges actually made a finding on this issue consistent with this Court's, reflecting no substantial difference of opinion within this circuit. Reply at 6; *see Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1079 (D. Alaska 2023) (finding ongoing

1 First, the Court notes that the Ninth Circuit has explicitly emphasized the parts of *Sprint Communications* that this Court relied on in its analysis in *ReadyLink Healthcare*. In particular, the Ninth Circuit explained that *Sprint* "squarely [held] that *Younger* abstention is limited to the 'three exceptional categories' of cases identified . . ." *ReadyLink Healthcare, Inc.*, 754 F.3d 754, 759 (9th Cir. 2014). The Ninth Circuit also emphasized that "[f]or civil enforcement actions that are akin to criminal proceedings . . . the proceedings are characteristically initiated to sanction the federal plaintiff . . . for some wrongful act, and investigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.* (internal quotations omitted). As the Court noted in its analysis, the dependency proceedings at issue "are not punitive nor criminal." MTD Order at 10. Therefore, finding that the dependency proceedings do not fall under the category of civil enforcement proceedings is consistent with the precedent as reemphasized by the Ninth Circuit.

Moreover, the Court notes that the only binding authority cited by the County that supported finding otherwise was in the Supreme Court's decision in *Moore v. Sims*, 442 U.S. 415, 423 (1979). *See* ECF No. 44-1 at 17–18. The Court acknowledged that in *Moore*, the Supreme Court did find a state proceeding involving the temporary removal of a child subject to abstention as a quasi-criminal proceeding. MTD Order at 11. However, the Court distinguished *Moore* through its interpretation of *Sprint* and found that the ongoing dependency proceedings are not analogous to the proceedings at issue in *Moore*, which were about the initial removal. *Id.* To the extent that *Moore* provided any grounds for disagreement with the Court's holding, the Court finds that the Ninth Circuit's holding in *L.H. v. Jamieson* forecloses these grounds. 643 F.2d 1351 (9th Cir. 1981).[5] Although *L.H.* did not specifically address the issue of whether dependency proceedings should be considered quasi-

---

dependency proceedings "not quasi-criminal proceedings under *Younger*"); *Ocean S. v. Los Angeles County*, 2024 WL 3973047, at *8 (C.D. Cal. June 11, 2024) ("That an initial removal hearing necessarily precedes hearings in a juvenile court proceeding does not compel the conclusion that the entire dependency proceeding is a quasi-criminal action.").

Further, in *Crum*, although the district court certified the *Younger* abstention question for interlocutory appeal, the Ninth Circuit ultimately denied the Defendants permission to appeal. *See Jeremiah M. v. Kovol*, Case No. 23-2726, ECF No. 11.1 (9th Cir. Dec. 18, 2023). There is no reason to believe that a request to appeal here would yield a different result given the similarity of the questions and the applicable standard.

[5] Although the County states that Plaintiffs did not cite *L.H.* in its opposition to the motion to dismiss, the Court notes Plaintiffs did cite it. *See* ECF No. 53 at 8, 11.

criminal civil enforcement proceedings and cannot be binding on this point, significantly, *L.H.* was decide two years after *Moore*. Therefore, the Ninth Circuit in *L.H.* did not find *Moore* to be a bar in finding that *Younger* abstention did not apply to ongoing dependency proceedings.[6] *Id.* at 1352 (reversing district court finding that "the state courts' continuing jurisdiction over [dependent children after an initial placement has been made] caused the case to fall within [*Younger*]").[7] Regardless of the fact that *L.H.* did not apply the post-*Sprint* analysis of *Younger* abstention, at a minimum, *L.H.* has the effect of limiting any precedential value *Moore* has on this issue.

As a result, although the County contends that there is a circuit split as to the scope and impact of *Moore*, the Ninth Circuit has specifically not interpreted *Moore* "to require federal courts to abstain from ***any*** federal action seeking to bring about foster care reform." *See* Motion at 12. The remaining binding authority on this issue as set forth by *Sprint* and reiterated by the Ninth Circuit make clear that to be considered a quasi-criminal proceeding, the proceeding must be "akin" to a criminal one. Here, there is no substantial grounds for dispute that the dependency proceedings at issue are not akin to criminal proceedings. Accordingly, the Court does not find the second requirement for certification met.

C. **An Appeal May or May Not Advance the Ultimate Termination of the Litigation**

The final prong of certification "is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI*

---

[6] The County attempts to distinguish *L.H.* because it involved the role of Arizona state courts and the Ninth Circuit noted that the "state court has completed its work once it has made its initial placement decision" in its opinion. *Id.* at 1354. However, the Ninth Circuit was clear that the Arizona courts "retain jurisdiction over delinquent and dependent children *after an initial placement* has been made." *Id.* at 1352 (emphasis added).

[7] While the Court did not find it necessary to reach the *Middlesex* factors given its finding that the dependency proceedings were not the type of case to which *Younger* abstention applied, to the extent that the Ninth Circuit reversed this decision, the *Middlesex* factors must still be satisfied in order to find abstention appropriate. Here, it is worth noting that while *L.H.*'s analysis was limited to the case law at that time surrounding *Younger* abstention, its analysis is still precedential to the extent that it aligns with what the *Middlesex* factors are today. In particular, whether there is an ongoing state proceeding, whether there is an adequate opportunity to raise the challenges in the underlying proceeding, and whether the requested relief effectively seeks to enjoin the state proceeding—all factors discussed in *L.H.*—are still relevant to the current *Middlesex* factors. Moreover, as the County would have to show that *all* the *Middlesex* factors are met in order for a court to find abstention, *L.H.*'s finding that some of these factors are not met with regards to ongoing dependency proceedings indicates that the outcome here would not be changed even if the Ninth Circuit held that the proceedings qualify as quasi-criminal civil enforcement actions.

*Or., Inc.*, 22 F.4th at 1131. Here, it is true that *if* the Ninth Circuit were to find ongoing dependency proceedings a category of cases subject to *Younger* abstention, and *if* the Ninth Circuit or this Court were to reach the *Middlesex* factors and find abstention warranted, the case would terminate.[8] However, to the extent that the Ninth Circuit were to find otherwise, this appeal does not advance the termination of the case in any way, and in fact significantly delays the ultimate resolution of this case. Any order related to a finding of subject matter jurisdiction would ultimately shorten the time, effort, or expense of conducting the proceeding, but the County cites no authority requiring the automatic certification of a jurisdictional issue. And, even if the Court were to find this final requirement for certification met, it is insufficient to find certification proper where the Court has not found a substantial grounds for difference of opinion.

### IV.     Conclusion

Having reviewed all the factors, the Court in its discretion denies certification of its MTD Order for appeal. Accordingly, the Court hereby DENIES the Motion to Certify. ECF No. 80.

IT IS SO ORDERED.

Dated: February 12, 2025

HON. MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[8] But the fact that the Ninth Circuit in *Crum* denied permission to appeal on this precise question suggests that perhaps the Ninth Circuit did not find any difference in opinion substantial enough to warrant granting permission and that this outcome is unlikely.