O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G., et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>              Defendants. | Case No.: 5:23-cv-00947-MEMF-BFM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 102) AND MOTION TO BIFURCATE (ECF NO. 109)** |

Before the Court is a Motion for Reconsideration and a Motion to Bifurcate filed by Defendants San Bernardino County and San Bernardino County Children and Family Services. ECF Nos. 102, 109. For the reasons stated herein, the Court hereby DENIES the Motions.

/ / /

/ / /

**BACKGROUND**

The Court has previously detailed the factual background in this case. In summary, Plaintiffs Gary G., Xander B., Francesca B., Delilah B., Teddy H., Lori Newels, Kevin E. and Sam E., Henry P., David O. and Arnold O., and Greg R. ("Plaintiffs") are foster children bringing claims against Defendants San Bernardino County (the "County"), San Bernardino County Child and Family Services ("CFS," and with the County, the "County Defendants"), California Department of Social Services ("CDSS"), and the CDSS Director (with CDSS, the "State Defendants") for various alleged deficiencies in the foster care system. *See generally* ECF No. 34 ("FAC"). On September 3, 2024, the Court issued an order granting in part the various motions to dismiss, dismissing certain defendants from the case but otherwise leaving intact the FAC's eight causes of action.[1] ECF No. 78 ("MTD Order"). On February 12, 2025, the Court denied the County Defendants' motion to certify its MTD Order for interlocutory appeal. ECF No. 100 ("Cert. Order").

On April 1, 2025, the County Defendants filed a Motion for Reconsideration. ECF No. 106 (the "Reconsideration Motion"). The Reconsideration Motion is fully briefed. ECF Nos. 106 ("Reconsideration Opp."), 112 ("Reconsideration Reply"). The County Defendants also filed a request for judicial notice, to which Plaintiffs filed an objection. ECF Nos. 103 ("RJN"), 107.[2]

On April 18, 2025, the County Defendants filed a Motion to Bifurcate. ECF No. 109 ("Bifurcation Motion"). The Bifurcation Motion is fully briefed. ECF Nos. 115 ("Bifurcation Opp."), 117 ("Bifurcation Reply").[3] The State Defendants filed a statement indicating that they take no position on the issue of bifurcation. ECF No. 116.

---

[1] The causes of action are as follows: violations pursuant to (1) the Adoption Assistance and Child Welfare Act; (2) Cal. Welfare and Institutions Code Sections 16501.1, 16503(a) (against County Defendants only), (3) 42 U.S.C. Section 1983; (4) Cal. Const. Article I, Section 7(a) (against County Defendants only); (5) Section 1983 based on family association; (6) the Americans with Disabilities Act ("ADA"); (7) the Rehabilitation Act § 504; and (8) California Gov't Code Section 11135 (against County Defendants only). *See* FAC.

[2] The Court GRANTS the RJN as the documents at issue are court records whose accuracy can be readily determined. *See* RJN; Fed. R. Evid. 201(b). The Court finds the documents sufficiently related to the issue on this motion, and only judicially notices the documents for the fact of their existence. Moreover, to the extent that the documents are other court orders, the Court finds it proper to consider them regardless as authority.

[3] In their opposition, Plaintiffs contend that the County Defendants did not properly meet and confer prior to filing the Bifurcation Motion. Bifurcation Opp. at 16. The County Defendants represent that the parties did meet and confer on the issue multiple times over a period of time. Bifurcation Reply at 10. It appears the

**MOTION FOR RECONSIDERATION**

I.      **Applicable Law**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of L.A. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993). A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be made only on the grounds of:
> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.
> No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

---

disagreement stems from the fact that there was no single meet and confer that was solely about the issue of bringing this motion. The Court emphasizes that the parties should act in good faith to substantively meet and confer and does not opine on the form this must take beyond what is required in its Standing Order and the Local Rules. However, given that it appears that both parties have at some point considered the issue of bifurcation and communicated their positions on it, the Court will not reject the motion on a failure to meet and confer because it was apparent the parties would not be able to come to a consensus on the issue. *See, e.g.,* ECF No. 117-1, Ex. F at 3 (outlining the grounds for Plaintiffs' objections to bifurcation).

C.D. Cal. L.R. 7-18. Furthermore, absent a showing of good cause, "any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id*.

**II.     Discussion**

The County Defendants seek reconsideration of the Court's Certification Order on the grounds that the Ninth Circuit recently certified for appeal the legal question that the County Defendants sought certification of, and which this Court denied. *See* Cert. Order. As explained next, the Court does not find reconsideration warranted.

In its MTD Order, the Court denied the County Defendants motion to dismiss for lack of subject matter jurisdiction, and in particular found that *Younger* abstention did not apply to Plaintiffs' claims. *See* MTD Order at 9–12. The County Defendants then moved to certify the MTD Order for interlocutory appeal on this issue. ECF No. 80. In deciding whether to certify the issue for appeal, the Court found that while there was a controlling question of law, there were no substantial grounds for difference of opinion. Cert. Order at 4. In particular, the Court noted that while there was a circuit split on the issue, the state of the Ninth Circuit precedent supported an interpretation that dependency proceedings would not fall under the three exceptional circumstances outlined by *Sprint Commc'ns v. Jacobs*.[4] *See id.* at 5. Moreover, the Court noted that the Ninth Circuit's decision in *L.H. v. Jamieson*[5] limited the possibility that *Moore v. Sims*[6] could apply to ongoing dependency proceedings. *Id.* at 6. In its order, the Court noted that two other district courts had addressed this issue,[7] and the Ninth Circuit had denied the defendants' appeal in *Crum*. Cert. Order at 4 n.4. Now, the Ninth Circuit has granted the petition to appeal in the other case, *Ocean S*. ECF No. 102-3, Ex. C ("*Ocean S.* Order").

First, the Court addresses Plaintiffs' argument that the Reconsideration Motion was not timely brought within 14 days as required under Local Rule 7-18. Although the motion was filed 48

---

[4] 571 U.S. 69, 78 (2013).
[5] 643 F.2d 1351 (9th Cir. 1981).
[6] 442 U.S. 415, 423 (1979).
[7] *Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060 (D. Alaska 2023); *Ocean S. v. Los Angeles County*, 2024 WL 3973047 (C.D. Cal. June 11, 2024).

days after the Cert. Order, it was filed 32 days after the Ninth Circuit issued the *Ocean S.* Order. Here, the *Ocean S.* Order came out after the fourteen-day period had passed, thus, it was reasonable for this motion to have been filed after this deadline. As to whether the additional delay is justified, the Court does not find it so significant as to defeat good cause. Thus, the Court will not deny the Reconsideration Motion on this ground.

The Court also finds that the *Ocean S.* Order provides a legitimate basis to seek reconsideration because it provides a material difference in law that was not known earlier. L.R. 7-18. Nevertheless, the Court does not find that the *Ocean S.* Order provides a basis to grant the County Defendants' Motion because it is not a "change in the *controlling* law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (stating that a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)).[8] Here, there is no dispute that the *Ocean S.* Order has no precedential value. Thus, even under the Court's inherent power to reconsider its prior order, the Court does not find that the *Ocean S.* Order[9] substantially "call[s] into the question the reasoning underpinning" the Cert. Order, such that reconsideration would be warranted. *See* Cert. Reply at 9. Rather, the *Ocean S.* Order provides no analysis or reasoning and merely summarily granted appeal. *See Ocean S.* Order

---

[8] At the hearing, counsel for the County Defendant argued that this standard only applies to cases seeking reconsideration under Rule 59(e). Although the cases that *Marlyn* cites were in the context of Rule 59(e), the decision being appealed in *Marlyn* itself was not a motion to amend or alter a judgment under Rule 59(e) but a motion to reconsider a district court's order granting a preliminary injunction. Therefore, it appears the question before the Ninth Circuit concerned reconsideration generally and is therefore not limited to Rule 59(e) motions. *Id.* at 880. The Court also does not find that this guidance contradicts the court's inherent power to rescind, reconsider, or modify an interlocutory order—rather, despite a court's inherent authority to reconsider, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988). The guidelines set forth in *Marlyn* are often considered by courts in determining whether there are such "extraordinary circumstances," both in reconsideration under Rule 59(e) or under a court's inherent power. *See, e.g., Louen v. Twedt*, 2007 WL 915226, at *4 (E.D. Cal. March 26, 2007) ("Courts have distilled the various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration," including "an intervening change in controlling law").

[9] The Court already previously considered the district court's order in *Ocean S.* and thus focuses only on the Ninth Circuit decision.

at 2 ("The petition for permission to appeal is granted. *See* 28 U.S.C. § 1292(b)"). While it is true that one inference is that the Ninth Circuit must have found all the Section 1292(b) factors met to have come to this conclusion, given that there is nothing that specifically calls into question any of the logic underpinning the Cert. Order, the Court does not find the outcome by itself persuasive that all the Section 1292(b) factors are met in *this* case. And, as the *Ocean S.* Order itself is not controlling, if the Court does not find the order persuasive, just like any other persuasive authority, it cannot be controlling on the Court's outcome here.

Accordingly, the Court DENIES the Motion for Reconsideration.

## MOTION FOR BIFURCATION

### I.   Applicable Law

Under Rule 42 of the Federal Rules of Civil Procedure, a district court can, "for convenience, to avoid prejudice, or to expedite and economize," order a "separate trial of one or more separate issues [or] claims . . . ." Fed. R. Civ. P. 42(b). Courts often consider the following factors in deciding whether to bifurcate: convenience, prejudice, judicial economy, reducing the risk of confusion, and whether the issues are clearly separable. *See, e.g., Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 865 (N.D. Cal. 2014); *see also Young v. Mophie, Inc.*, 2020 WL 1000578, at *3 (C.D. Cal. Jan. 7, 2020) (applying factors to a class action). District courts are accorded broad discretion in determining whether to order separate trials under Rule 42(b). *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985). The party seeking bifurcation carries the burden of proving that bifurcation is justified. *See Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

### II.   Discussion

The County Defendants seek bifurcation of discovery such that the initial phase of discovery is limited to discovery related to Plaintiffs' individual claims against Defendants. The County Defendants contend that holding off on broad discovery on the class until Plaintiffs' individual claims have survived summary judgment would conserve resources and be more efficient for all parties. In particular, the County Defendants are concerned about discovery that would require aggregating a significant amount of data for the class at large. *See* Motion at 10. As discussed next,

1  the Court finds that as it does not appear the issues are clearly separable, the factors do not weigh in
2  favor of bifurcation here.

3        The County Defendants facially seek bifurcation to separate Plaintiffs' individual claims
4  from the class claims. Bifurcation Motion at 6 (arguing it is appropriate to "test" Plaintiffs'
5  individual claims "before proceeding to burdensome class discovery"). However, the Court notes
6  that the specific issue they seek to "test" is the question of "whether the named Plaintiffs have
7  *themselves* suffered the requisite injury." *Id.* at 15. It appears that the County Defendants are
8  conflating the issue and legal standard surrounding standing with a perceived deficiency on the first
9  element of a *Monell* claim—deprivation of a constitutional right. *See Mabe v. San Bernardino*
10 *County, Dept. of Public Social Services*, 237 F.3d 1101, 1110 (9th Cir. 2001).[10] Although there may
11 be some factual overlap between the two issues, standing is a legally separate question from whether
12 or not Plaintiffs have adequately shown an underlying constitutional violation under *Monell*. *Bates v.*
13 *United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (analyzing issue through standing
14 despite a defendant framing the issue as a "failure to prove [the plaintiff's] prima facie case"). The
15 Court finds that the County Defendants have not sufficiently shown that the issues are clearly
16 separable such that the broader discovery they seek to stay would not be applicable to these issues.

17       Standing requires Plaintiffs to show (1) injury in fact, (2) a causal connection to the injury
18 and Defendants' conduct, and (3) redressability. *See id*. Standing to seek *injunctive relief* specifically
19 requires Plaintiffs to "demonstrate that he has suffered or is threatened with a 'concrete and
20 particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a
21 similar way.'" *Id.* (citations omitted). Thus, the Court notes that broader discovery into the County's
22 policies and the potential risk to Plaintiffs would be potentially relevant to Plaintiffs' standing to
23 bring injunctive relief.

24       With regards to the *Monell* claims themselves, Plaintiffs accurately note these claims would
25 require broader discovery into Defendants' policies and customs and whether those policies and

---

[10] To establish a *Monell* claim, a plaintiff must show that (1) he was deprived of a constitutional right, (2) the defendant had a policy or custom, (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right, and (4) the policy or custom was the moving force behind the constitutional violation. *Id.* at 1110–11.

1  customs amounted to deliberate indifference. *See Castro v. County of Los Angeles*, 833 F.3d 1060,
2  1076 (9th Cir. 2016) (a municipality acts with deliberate indifference when it has actual or
3  constructive notice that a policy is likely to result in a constitutional violation). Defendants appear to
4  acknowledge this themselves, noting that the evidence supporting deliberate indifference would
5  require the significant production that it is seeking to stay. Bifurcation Reply at 1. Thus, it would be
6  improper to allow Defendants to move for summary judgment on Plaintiffs' *Monell* claims as a
7  whole without allowing Plaintiffs the full scope of discovery sought related to Defendants' customs
8  and policies, the effects thereof, and Defendants' knowledge. Therefore, the Court understands the
9  County Defendants' position to be that they would like an early determination on the first element of
10 the *Monell* claim only—whether Plaintiffs have suffered a constitutional deprivation.

11       The Court notes that although there are a number of rights that based on Plaintiffs'
12 allegations they have already suffered or are currently suffering, Plaintiffs have also alleged the
13 deprivation of substantive due process rights that establish the right to be free from certain *risks* of
14 harm. *See* FAC ¶ 246 (alleging rights including the right to "freedom from the foreseeable risk of
15 maltreatment," "protection from unnecessary intrusions," "right to services necessary to prevent
16 unreasonable risk of harm"). Therefore, to the extent that the right being deprived requires solely a
17 showing of risk of harm, the Court finds that this may be sufficient to meet the first element of
18 *Monell*. Defendants concede that Plaintiffs may proceed in such a manner. *See* Reply at 3 ("Whether
19 the alleged injury is actual harm or the substantial risk of it, named Plaintiffs must prove they have
20 incurred it."). However, to "prove" that Plaintiffs have incurred a substantial risk of harm through
21 the deprivation of their substantive due process rights as alleged, the discovery the County
22 Defendants seek to stay would be relevant. For example, to show that any of the named Plaintiffs are
23 under a "foreseeable risk of maltreatment," the aggregate data would be relevant. RFP 46 requests
24 that the County Defendants show aggregate data regarding the number of foster children who have a
25 "substantiated report of [m]altreatment." Motion at 11. If the discovery reveals that a large number
26 of foster children do, then this may be relevant to showing a constitutional deprivation of the right
27 alleged based on the policies and practices the County has in place. The Court notes that the County
28 Defendants have not identified a way to clearly separate out these issues, which is their burden to do.

Having found that the issues of standing and whether Plaintiffs have established a constitutional deprivation are not clearly separable, the Court considers the remaining factors of efficiency and prejudice. Here, it is apparent that the parties are in disagreement regarding the scope of the discovery that would be relevant to the issues even if there were to be bifurcation—thus, the Court does not find that it would be an efficient course of action given that there may significant discovery disputes regarding what discovery is allowed in the initial phase. Moreover, given that a special motion for summary judgment would be required in the bifurcation proposed by the County Defendants, it would ultimately set back the trial schedule.[11] While the Court acknowledges that there may be some prejudice to the County Defendants in having to engage in the production of significant discovery for claims that may ultimately be dismissed, this is no different from the prejudice most defendants face. But, because the County Defendants have not shown that the issues are clearly separable, the Court finds that they have not sufficiently shown any substantial benefits from bifurcation in this case. Rather, there is also prejudice to Plaintiffs of having to engage in discovery disputes that would ultimately not be necessary if the case were not bifurcated, which would also prolong the case and delay the relief sought by Plaintiffs.

Accordingly, the Court does not find bifurcation justified under the circumstances.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Motion for Reconsideration (ECF No. 102) is DENIED; and
2. The Motion for Bifurcation (ECF No. 109) is DENIED.

IT IS SO ORDERED.

Dated: June 24, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[11] The Court notes that currently there appears to be an approximately nine-month discrepancy between the County Defendants' proposed schedule for the case if it were to be bifurcated with Plaintiffs' proposed schedule for the case. *See* ECF No. 119-1.